**Marco Bence GRONDONA, Santa Cristina Sociedad Anonima, Atahualpa del Monte Sociedad Anonima, and Ignacio Maria Steverlynck, Appellants,**

v.

**Joseph H. SUTTON, Appellee.**

No. 03–98–00454–CV.

Court of Appeals of Texas, Austin.

Oct. 22, 1998.

Rehearing Overruled Nov. 19, 1998.

Released for Publication Nov. 19, 1998.

Robert C. Alden, Bracewell & Patterson, L.L.P., Austin, for Appellants.

Edward P. Watt, Watt & Associates, P.C., Austin, for Appellee.

Before Justices POWERS, ABOUSSIE and KIDD.

PER CURIAM.

Appellants Marco Bence Grondona, Santa Cristina Sociedad Anonima, Atahualpa del Monte Sociedad Anonima, and Ignacio Maria Steverlynck move this Court to deem their appeal timely perfected. Appellee Joseph Sutton moves to dismiss the appeal for want of jurisdiction.

On April 21, 1998, the trial court signed a default judgment against appellants. Appellants timely moved for a new trial on May 21, and the court denied the motion by an order signed on July 15. On August 11, Grondona filed a motion to establish late notice of judgment, asserting that he first had notice of the judgment on May 19. He filed a notice of appeal on the same date. The remaining appellants filed notices of appeal on August 14. Grondona amended his motion to establish late notice of judgment on August 19, and on September 3, the trial court signed an order denying Grondona's motion.

An exception to the rule that procedural timetables run from the date the judgment is signed exists for a party who learns of the judgment more than twenty, but less than ninety, days after it was signed. Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.2. To benefit from the exception, the party must prove in the trial court, on sworn motion and notice, the date he or his attorney first received notice or acquired actual knowledge of the signing. Tex.R. Civ. P. 306a(5). If evidence at the hearing establishes the date of notice, appellate deadlines and the court's plenary power start from that date rather than the date the judgment was signed. *Id.* 306a(4); Tex. R.App. P. 4.2(a)(1).

■ Complying with the provisions of Rule 306a is a jurisdictional requisite. *Memorial Hosp. v. Gillis,* 741 S.W.2d 364, 365–66 (Tex.1987); *In re Simpson,* 932 S.W.2d 674, 677 (Tex.App.—Amarillo 1996, no writ). The sworn motion serves the purpose of establishing a prima-facie case of lack of timely notice, thereby invoking the trial court's jurisdiction for the limited

purpose of holding a hearing to determine the date of notice. *Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding). If the movant fails to establish the applicability of the exception in the manner prescribed, the trial court lacks jurisdiction to determine the date of notice and any order doing so is void. *Gillis,* 741 S.W.2d at 365–66; *Simpson,* 932 S.W.2d at 678.

We first consider whether Grondona's motion invoked the trial court's jurisdiction to hear evidence to determine the date of notice. Grondona filed his motion eighty-four days after the date he claims to have learned of the default judgment. Neither Rule 306a nor Rule 4 states when a party must move for a determination of late notice. Several courts of appeals have held that a party must file such a motion within thirty days of acquiring notice. *See Gonzalez v. Sanchez,* 927 S.W.2d 218, 221 (Tex.App.—El Paso 1996, no writ); *Montalvo v. Rio Nat'l Bank,* 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ); *Womack–Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 816 (Tex.App.—Dallas 1994, writ denied).

This Court, however, has concluded that a party can file such a motion more than thirty days after receiving notice, as long as he files it within the court's plenary power counted from the date of notice. *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis,* 864 S.W.2d 170, 172 & n. 1 (Tex.App.—Austin 1993, writ denied). In *Vineyard Bay,* the motion to determine notice was filed thirty-one days after the date of notice but during the court's plenary power, which had been extended by a motion for new trial. *Id.* Here, Grondona moved for a new trial on May 21, two days after the asserted date of notice, and the trial court overruled the motion on July 15. The court's plenary power would therefore have expired thirty days later on August

14. Grondona's motion, filed on August 11, was timely.

■ To make a prima-facie case of lack of timely notice, Grondona had to offer evidence that neither he nor his attorney learned of the judgment within twenty days after it was signed. Tex.R. Civ. P. 306a(5); *Simpson,* 932 S.W.2d at 678; *see* Tex.R.App. P. 4.2(c). By affidavit attached to the motion, Grondona states that he first received notice of the judgment on May 19. Grondona offered no evidence, however, of when his attorney first learned of the judgment.

■ On August 19, Grondona filed an amended motion to determine the date of notice. The amended motion includes the affidavit of Grondona's attorney, who avers that he did not know of the judgment until May 19. Grondona therefore could not have made a prima-facie case until the amended motion was filed on August 19, beyond the trial court's plenary power. By failing to offer prima-facie evidence of late notice of judgment during the trial court's plenary power, Grondona did not invoke the court's jurisdiction to determine the date of notice. *Barrasso,* 886 S.W.2d at 816; *Montalvo,* 885 S.W.2d at 237–38; *see Owen v. Hodge,* 874 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1994, no writ).

Even if Grondona had offered prima-facie evidence during the court's plenary power, he failed to obtain a ruling on his motion within that period. *See Montalvo,* 885 S.W.2d at 237–38; *Barrasso,* 886 S.W.2d at 816; *Conaway v. Lopez,* 843 S.W.2d 732, 733 (Tex.App.—Austin 1992, no writ). The trial court heard the motion and signed the order overruling it on September 3, beyond the time it would have had power to determine the date of notice of judgment. The order is therefore of no effect.[1]

We conclude that Grondona failed to invoke the trial court's jurisdiction to de-

---

1. The court found in its order that the date the judgment was signed remained applicable. Having determined that the trial court lacked jurisdiction to render the order, we do not review the finding substantively.

termine the date of notice of the judgment. His notice of appeal, filed 112 days after the judgment was signed, is thus untimely. *See* Tex.R.App. P. 26.1. The remaining appellants assert that they have timely appealed because they filed their notices of appeal within fourteen days after Grondona filed his notice of appeal. *See id.* 26.1(d). Because Grondona's notice of appeal is ineffective to perfect appeal, the remaining notices are likewise ineffective.

We overrule appellants' motion to deem the appeal timely perfected. Because we lack jurisdiction over an appeal that is not timely perfected, we grant Sutton's motion to dismiss the appeal. *Davies v. Massey,* 561 S.W.2d 799, 800 (Tex.1978). We dismiss the appeal for want of jurisdiction. Tex.R.App. P. 42.3(a).