# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00224-CV

**Misty A. White, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
### NO. 558, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee the Texas Department of Protective and Regulatory Services has filed a motion to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). The final judgment terminating appellant Misty A. White's parental rights was signed on January 14, 2003. In the order, appellant's attorney was dismissed as her counsel. On February 6, appellant, acting through the same attorney, filed a motion for new trial. The following day, counsel assisted appellant in completing a form seeking to have new counsel appointed on appeal; new counsel was appointed on February 24. Appellant, through her new attorney, filed her notice of appeal on April 14, ninety days after the order was signed.

The appeal of an order terminating parental rights and appointing appellee as the child's permanent managing conservator is brought as an accelerated appeal. Tex. Fam. Code Ann. §§ 109.002, 263.405(a) (West 2002); *see Stephenson v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-02-00776-CV, 2003 Tex. App. LEXIS 2333, at *1-2 (Tex. App.—Austin March 20, 2003, pet. denied) (memorandum opinion). In an accelerated appeal, the appellant must file her notice of appeal within twenty days of the date the order was signed. Tex. R. App. P. 26.1(b). The family code expressly provides that in a termination suit such as this one, a motion for new trial does *not* extend the deadline to file a notice of appeal. Tex. Fam. Code Ann. § 263.405(c) (West 2002); *see Stephenson*, 2003 Tex. App. LEXIS 2333, at *2.

To protect a party's right to appeal, we liberally construe the rules of appellate procedure and will not impose requirements that do not effect the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). However, we may not enlarge the time for perfecting appeals in civil cases. Tex. R. App. P. 2; *see Stephenson*, 2003 Tex. App. LEXIS 2333, at *2-3; *see also In re T.W.*, 89 S.W.3d 641, 642-43 (Tex. App.—Amarillo 2002, no pet.) (dismissing appeal when notice of appeal filed three months after termination order signed; motion for new trial filed timely).

Appellant's notice of appeal was filed well beyond the twenty-day deadline and the further fifteen-day time period for seeking an extension of time. *See* Tex. R. App. P. 26.3. Therefore, we are bound to grant appellee's motion and dismiss this appeal for want of jurisdiction.

*See Stephenson*, 2003 Tex. App. LEXIS 2333, at *2-3; *In re T.W.*, 89 S.W.3d at 642-43; *Grondoma v. Sutton*, 991 S.W.2d 90, 93 (Tex. App.—Austin 1998, pet. denied).


_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and Puryear

Dismissed for Want of Jurisdiction

Filed:   October 23, 2003