TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00255-CV






Derrick Goodwill, Appellant



v.



Texas A&M University Medical School, Roderick E. McCallum, Kathleen Williams,

Ben Green and John Doe, Appellees





FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 198,336-B, HONORABLE RICK MORRIS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 On January 29, 2004, the trial court granted appellees' plea to the jurisdiction and
dismissed appellant's claims. Because no motion for new trial was filed, the notice of appeal was
due thirty days from the date of the judgment, that is, March 1, 2004. (1) See Tex. R. App. P. 26.1. On
April 8, 2004, appellant filed a notice of appeal and motion for extension of time to file the notice
of appeal. (2) In his motion for extension of time, appellant contended that counsel had not received
notice of judgment until March 12, 2004.

 Under certain circumstances post-judgment deadlines may be extended:


If within twenty days after the judgment or other appealable order is signed, a party
adversely affected by it or his attorney has neither received the notice required by
paragraph (3) of this rule nor acquired actual knowledge of the order, then with
respect to that party all the periods mentioned in paragraph (1) shall begin on the date
that such party or his attorney received such notice or acquired actual knowledge of
the signing, whichever occurred first, but in no event shall such periods begin more
than ninety days after the judgment was signed.



Tex. R. Civ. P. 306a(4). (3) In order to establish the applicability of section 306a(4), the adversely
affected party must file a sworn motion in the trial court establishing the date on which the party or
his attorney first acquired actual knowledge of the signing or received notice. Id. 306a(5). If
evidence at the hearing establishes the day of notice, appellate deadlines and the court's plenary
power start from the day of notice rather than from the date the judgment was signed. Id.

 Complying with the provisions of Rule 306a is a jurisdictional prerequisite. 
Memorial Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987); Grondoma v. Sutton, 991 S.W.2d 90,
91 (Tex. App.--Austin 1998, pet. denied). The sworn motion serves the purpose of establishing a
prima facie case of lack of timely notice, thereby invoking the trial court's jurisdiction for the limited
purpose of holding a hearing to determine the date of notice. Grondoma, 991 S.W.2d at 91-92;
Carrera v. Marsh, 847 S.W.2d 337, 341-42 (Tex. App.--El Paso 1993, orig. proceeding). If the
movant fails to establish the applicability of the exception in the prescribed manner, the trial court
lacks jurisdiction to determine the date of notice and any order doing so is void. Gillis, 741 S.W.2d
at 365-66; Grondoma, 991 S.W.2d at 92.

 The Rule 306a(5) motion must be filed in the trial court at any time during the trial
court's plenary jurisdiction. (4) John v. Marshall Health Servs. Inc., 58 S.W.3d 738, 741 (Tex. 2001);
Grondoma, 991 S.W.2d at 91; Vineyard Bay Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170,
172 (Tex. App.--Austin 1993, writ denied). (5) For purposes of filing the motion, the trial court's
plenary power is measured from the date on which the party asserts it received notice. See Marshall
Health Servs., 58 S.W.3d at 741; In re Estate of Padilla, 103 S.W.3d 563, 567 (Tex. App.--San
Antonio 2003, no pet.). However, if the party does not file the appropriate sworn motion in the trial
court within that time and establish the date of notice, the party does not receive the benefit of the
extended deadline. See Padilla, 103 S.W.3d at 567; Grondoma, 991 S.W.2d at 91. (6)

 In this case, appellant claimed in his motion for extension of time for filing notice of
appeal that he did not receive notice until March 12, 2004, at which point he received actual notice
by discovering the judgment while inquiring about another case. Appellant did not file a motion for
new trial. Accordingly, the trial court's plenary power would have expired in thirty days, or April
12, 2004. (7) See Tex. R. Civ. P. 329b(d); Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C., 126
S.W.3d 536, 541 (date of notice was May 15, 2002; trial court's plenary power restarted; no motion
for new trial or other 329(b) motion filed; plenary power not extended by 306a(5) motion and
expired June 14, 2002; ruling outside that period void). The record does not show that appellant ever
filed a sworn motion complying with Rule 306a(5) in the trial court within that time. (8) By failing to
offer prima facie evidence of late notice of judgment during the trial court's plenary power, appellant
did not invoke the court's jurisdiction to determine the date of notice. See Grondoma, 991 S.W.2d
at 92; Womack-Humphreys Architects, Inc. v. Barrasso, 886 S.W.2d 809, 816 (Tex. App.--Dallas
1994, writ denied). Therefore, he cannot receive the benefit of extending the start date of the
appellate timetable, so his April 8 notice of appeal and motion for extension of time were late.

 Because the notice of appeal and motion for extension were late, we must dismiss the
appeal for want of jurisdiction. See Industrial Servs. v. American Bank, 561 S.W.2d 799, 800 (Tex.
App.--Corpus Christi 2000 no pet.); Tex. R. App. P. 2 (cannot suspend rules to alter time for
perfecting appeal).


 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: July 1, 2004
1. February 28, 2004 was a Saturday, extending the due date until the following Monday. See
Tex. R. App. P. 4.1(a).
2. There appeared to be confusion in the trial court clerk's office over the cause number on
appellant's case. He filed the April 8 notice of appeal in the wrong cause number but later amended
the notice of appeal to reflect the correct number. Appellant's previous filings consistently used the
wrong cause number, but the district clerk's office simply crossed out the wrong number and used
the correct number.
3. See also Tex. R. App. P. 4.2 (harmonizing appellate deadlines with Rule 306a).
4. Proof of the date of receipt of notice must be made in the trial, not appellate, court. See
Memorial Hosp. v. Gillis, 741 S.W.2d 364, 365 (Tex. 1987).
5. Grondoma v. Sutton, 991 S.W.2d 90 (Tex. App.--Austin 1998, pet. denied) and Vineyard Bay
Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170 (Tex. App.--Austin 1993, writ denied) are
cited in John v. Marshall Health Servs., 58 S.W.3d 738, 741 n.14 (Tex. 2001) as two of the court
of appeals cases that were "plainly correct" in holding that the only applicable deadline for filing the
Rule 306a(5) motion is the expiration of the trial court's plenary power.
6. We note that appellant's motion for extension of time referred only to the date counsel received
notice, but to invoke Rule 306a, neither counsel nor the party can have timely received notice. See
Grondoma, 991 S.W.2d at 91. Further, appellant does not complain that he failed to receive the trial
court's letter of January 21, 2004, stating that the defendant's plea to the jurisdiction was granted,
plaintiff's (appellant) claims were dismissed, and that defendant's attorney should prepare a
judgment. This letter would seem to have put appellant on notice to inquire about the judgment.
7. April 11 was a Sunday, extending the filing deadline to the following Monday. See Tex. R.
App. P. 4.1(a).
8. For that matter, the record does not show that a sworn Rule 306a(5) motion has ever been filed
in the trial court.