# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00255-CV

**Derrick Goodwill, Appellant**

**v.**

**Texas A&M University Medical School, Roderick E. McCallum, Kathleen Williams, Ben Green and John Doe, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 198,336-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 29, 2004, the trial court granted appellees' plea to the jurisdiction and dismissed appellant's claims. Because no motion for new trial was filed, the notice of appeal was due thirty days from the date of the judgment, that is, March 1, 2004.[1] *See* Tex. R. App. P. 26.1. On April 8, 2004, appellant filed a notice of appeal and motion for extension of time to file the notice of appeal.[2] In his motion for extension of time, appellant contended that counsel had not received notice of judgment until March 12, 2004.

---

[1] February 28, 2004 was a Saturday, extending the due date until the following Monday. *See* Tex. R. App. P. 4.1(a).

[2] There appeared to be confusion in the trial court clerk's office over the cause number on appellant's case. He filed the April 8 notice of appeal in the wrong cause number but later amended the notice of appeal to reflect the correct number. Appellant's previous filings consistently used the wrong cause number, but the district clerk's office simply crossed out the wrong number and used the correct number.

Under certain circumstances post-judgment deadlines may be extended:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the judgment was signed.

Tex. R. Civ. P. 306a(4).[3] In order to establish the applicability of section 306a(4), the adversely affected party must file a sworn motion in the trial court establishing the date on which the party or his attorney first acquired actual knowledge of the signing or received notice. *Id*. 306a(5). If evidence at the hearing establishes the day of notice, appellate deadlines and the court's plenary power start from the day of notice rather than from the date the judgment was signed. *Id*.

Complying with the provisions of Rule 306a is a jurisdictional prerequisite. *Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987); *Grondoma v. Sutton*, 991 S.W.2d 90, 91 (Tex. App.—Austin 1998, pet. denied). The sworn motion serves the purpose of establishing a *prima facie* case of lack of timely notice, thereby invoking the trial court's jurisdiction for the limited purpose of holding a hearing to determine the date of notice. *Grondoma*, 991 S.W.2d at 91-92; *Carrera v. Marsh*, 847 S.W.2d 337, 341-42 (Tex. App.—El Paso 1993, orig. proceeding). If the movant fails to establish the applicability of the exception in the prescribed manner, the trial court lacks jurisdiction to determine the date of notice and any order doing so is void. *Gillis*, 741 S.W.2d at 365-66; *Grondoma*, 991 S.W.2d at 92.

---

[3] *See also* Tex. R. App. P. 4.2 (harmonizing appellate deadlines with Rule 306a).

The Rule 306a(5) motion must be filed in the trial court at any time during the trial court's plenary jurisdiction.[4] *John v. Marshall Health Servs. Inc.*, 58 S.W.3d 738, 741 (Tex. 2001); *Grondoma*, 991 S.W.2d at 91; *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis*, 864 S.W.2d 170, 172 (Tex. App.—Austin 1993, writ denied).[5] For purposes of filing the motion, the trial court's plenary power is measured from the date on which the party asserts it received notice. *See Marshall Health Servs.,* 58 S.W.3d at 741; *In re Estate of Padilla*, 103 S.W.3d 563, 567 (Tex. App.—San Antonio 2003, no pet.). However, if the party does not file the appropriate sworn motion in the trial court within that time and establish the date of notice, the party does not receive the benefit of the extended deadline. *See Padilla*, 103 S.W.3d at 567; *Grondoma*, 991 S.W.2d at 91.[6]

In this case, appellant claimed in his motion for extension of time for filing notice of appeal that he did not receive notice until March 12, 2004, at which point he received actual notice by discovering the judgment while inquiring about another case. Appellant did not file a motion for new trial. Accordingly, the trial court's plenary power would have expired in thirty days, or April

---

[4] Proof of the date of receipt of notice must be made in the trial, not appellate, court. *See Memorial Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987).

[5] *Grondoma v. Sutton*, 991 S.W.2d 90 (Tex. App.—Austin 1998, pet. denied) and *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis*, 864 S.W.2d 170 (Tex. App.—Austin 1993, writ denied) are cited in *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 n.14 (Tex. 2001) as two of the court of appeals cases that were "plainly correct" in holding that the only applicable deadline for filing the Rule 306a(5) motion is the expiration of the trial court's plenary power.

[6] We note that appellant's motion for extension of time referred only to the date counsel received notice, but to invoke Rule 306a, neither counsel nor the party can have timely received notice. *See Grondoma*, 991 S.W.2d at 91. Further, appellant does not complain that he failed to receive the trial court's letter of January 21, 2004, stating that the defendant's plea to the jurisdiction was granted, plaintiff's (appellant) claims were dismissed, and that defendant's attorney should prepare a judgment. This letter would seem to have put appellant on notice to inquire about the judgment.

12, 2004.[7] *See* Tex. R. Civ. P. 329b(d); *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 541 (date of notice was May 15, 2002; trial court's plenary power restarted; no motion for new trial or other 329(b) motion filed; plenary power not extended by 306a(5) motion and expired June 14, 2002; ruling outside that period void). The record does not show that appellant ever filed a sworn motion complying with Rule 306a(5) in the trial court within that time.[8] By failing to offer *prima facie* evidence of late notice of judgment during the trial court's plenary power, appellant did not invoke the court's jurisdiction to determine the date of notice. *See Grondoma*, 991 S.W.2d at 92; *Womack-Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 816 (Tex. App.—Dallas 1994, writ denied). Therefore, he cannot receive the benefit of extending the start date of the appellate timetable, so his April 8 notice of appeal and motion for extension of time were late.

Because the notice of appeal and motion for extension were late, we must dismiss the appeal for want of jurisdiction. *See Industrial Servs. v. American Bank*, 561 S.W.2d 799, 800 (Tex. App.—Corpus Christi 2000 no pet.); Tex. R. App. P. 2 (cannot suspend rules to alter time for perfecting appeal).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed:   July 1, 2004

_____

[7] April 11 was a Sunday, extending the filing deadline to the following Monday. *See* Tex. R. App. P. 4.1(a).

[8] For that matter, the record does not show that a sworn Rule 306a(5) motion has ever been filed in the trial court.