TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00198-CV






In re J.D.C. Recovery








ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R AN D U M O P I N I O N




 In this original proceeding, relator J.D.C. Recovery seeks a writ of mandamus
directing the county court at law to vacate its order granting a new trial to Bank One, Texas, N.A. 
Because Bank One failed to comply with Texas Rule of Appellate Procedure 4.2(c) in its attempt to
set aside the no-answer default judgment, the court's plenary power expired and the order granting
the new trial is void. We conditionally grant the writ.

 J.D.C. Recovery filed a garnishment action against Bank One to collect a judgment. 
On March 5, 2004, after Bank One failed to answer, the county court at law granted a default
judgment in favor of J.D.C. Recovery. The Travis County Clerk notified Bank One of J.D.C.
Recovery's default judgment by letter dated March 31, 2004. On April 15, 2004, Bank One's
counsel faxed a "first amended motion for new trial" to J.D.C. Recovery's counsel, which stated that
Bank One's counsel had late notice of the judgment. (1) See Tex. R. Civ. P. 306a(4). An affidavit
accompanying the motion specifically averred that "[Bank One's counsel] did not receive oral or
actual notice of the default judgment in this case until [he] received the Notice sent by the Clerk on
April 5, 2004." On June 1, 2004, the county court at law heard Bank One's motion for new trial. 
The court signed an order granting the motion on June 30, 2004. J.D.C. Recovery filed its petition
for mandamus April 11, 2005.

 Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. In re Kuntz, 124 S.W.3d 179,
180 (Tex. 2003). Mandamus is also proper if a trial court issues an order beyond its jurisdiction. 
In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (trial court's order setting aside
order transferring venue issued after expiration of its plenary power was void); In re Dickason, 987
S.W.2d 570, 571 (Tex. 1998) (trial court's order granting new trial after expiration of its plenary
power was void). Accordingly, if the court issued a void order, J.D.C. Recovery need not show the
lack of an appellate remedy to be entitled to mandamus relief.

 A party may obtain an extension of its appellate timetable if it does not receive notice
of a judgment against it until more than twenty days, but less than ninety days after the judgment was
signed. Tex. R. Civ. P. 306a(4); Tex. R. App. P. 4.2(a)(1); Grondona v. Sutton, 991 S.W.2d 90, 91
(Tex. App.--Austin 1998, pet. denied). The procedure to gain additional time and the requirements
of the court's deadline-extension order are governed by Texas Rule of Civil Procedure 306a(5) and
Texas Rule of Appellate Procedure 4.2. See Tex. R. Civ. P. 306a(5); Tex. R. App. P. 4.2. 


 Rule 306a(5) states that a party adversely affected by the lack of notice of a judgment



is required to prove in the trial court, on sworn motion and notice, the date on which
the party or his attorney first either received a notice of the judgment or acquired
actual knowledge of the signing and that this date was more than twenty days after
the judgment was signed.



Tex. R. Civ. P. 306a(5); Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994) (party seeking 
extension of appellate deadlines must prove date of notice to trial court; court must hold hearing and
make requested finding of date of notice). The sworn motion establishes a prima facie case of
untimely notice and invokes the trial court's jurisdiction for the limited purpose of holding a hearing
to determine the date of notice. Grondona, 991 S.W.2d at 91-92. 

 If evidence at the hearing establishes the date of notice, appellate deadlines and the
court's plenary power start from that date rather than the date the judgment was signed. Tex. R. Civ.
P. 306a(4); Tex. R. App. P. 4.2(a)(1); Grondona, 991 S.W.2d at 91. The notice date established at
the hearing must be included in the court's order:



After hearing the [306a(5)] motion, the court must sign a written order that finds the
date when the party or the party's attorney first received notice, or acquired actual
knowledge that the judgment or order was signed.



Tex. R. App. P. 4.2(c). Once a party presents proof of the date of notice, the court's failure to make
a finding in a written order establishing the date of notice is an abuse of discretion. See Cantu, 878
S.W.2d at 132 (citing former Tex. R. App. P. 5, predecessor to current Tex. R. App. P. 4); In re
Bokeloh, 21 S.W.3d 784, 794 (Tex. App.--Houston [14th Dist.] 2000, orig. proceeding) (mandamus
issued because court could not reinstate case without order establishing new date for commencement
of court's plenary jurisdiction); In re Ray, 967 S.W.2d 951, 953 (Tex. App.--Dallas 1998, orig.
proceeding) (mandamus issued because court held hearing but did not make finding of notice date).

 The order granting Bank One's motion for new trial does not contain any finding of
the date that Bank One received notice. Accordingly, the court's plenary power was not extended
beyond April 5, 2004, thirty days after it signed the default judgment. See Tex. R. Civ. P. 329b(d)
(trial court has plenary power to grant a new trial, or vacate, modify, or reform judgment within
thirty days after judgment is signed). Because the court's order was signed June 30, 2004, after its
plenary power expired and without any finding of the date on which Bank One received notice, it
is void. In re Southwestern Bell Tel. Co., 35 S.W.3d at 605; In re Dickason, 987 S.W.2d at 571. 

 Mandamus is appropriate to set aside an order for new trial that is granted after the
court's plenary power expires and that is, therefore, void. In re Dickason, 987 S.W.2d at 571. The
court had no power to grant the new trial to Bank One; therefore, any subsequent "retrial" would be
a nullity. See id.

 Because Bank One failed to obtain a written order from the court finding the date that
Bank One or its counsel first received notice or acquired actual knowledge that the default judgment
was signed, we find that Bank One failed to invoke the court's jurisdiction after the expiration of its
plenary power on April 5, 2004. See Tex. R. App. P. 4.2.(c); Tex. R. Civ. P. 306a(5). The order
granting Bank One's motion for new trial was signed June 30, 2004, after the court's plenary power
expired, and is therefore void. We conditionally grant J.D.C. Recovery's petition for mandamus and
direct the trial court to vacate its "Order on Motion for New Trial," which was signed and filed on
June 30, 2004. The writ will issue only if the court does not comply with this opinion.



 

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Conditionally Granted

Filed: April 29, 2005
1. The record does not contain any file-stamped copies of Bank One's motions for new trial. 
However, neither party disputes that all three of Bank One's motions were filed with the Court. 
Thus, we refer to Bank One's motions and cover sheets that were attached to relator's petition.