# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00427-CV

**Lynn Bizzell and Cindy Bizzell, Appellants**

**v.**

**Centex Home Equity Company, LLC and Substitute Trustee Acting on Behalf of
Centex Home Equity Company, LLC, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 04-241-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Lynn Bizzell and Cindy Bizzell seek an extension of time to file their notice of appeal from a summary judgment granted in favor of appellees Centex Home Equity Company, LLC and Substitute Trustee Acting on Behalf of Centex Home Equity Company, LLC (collectively "Centex"). Centex's response to the Bizzells' motion asks us to deny the motion and dismiss the Bizzells' attempted appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). The court signed the summary judgment on March 31, 2005. The deadline for perfecting appeal was therefore May 2. *See* Tex. R. App. P. 26.1, 4.1(a).

The Bizzells did not file their notice of appeal with the district court clerk until July 1. *See* Tex. R. App. P. 25.1, Tex. R. Civ. P. 21a. The same day, they sought an extension of time to file their notice of appeal. *See* Tex. R. App. P. 26.1, 26.3. On May 20 the Bizzells filed a motion

for new trial and a sworn 306a motion seeking to restart their appellate deadlines because they did not receive notice of the judgment until April 21. *See* Tex. R. Civ. P. 306a(4); *see also* Tex. R. App. P. 4.2(a)(1). The sworn motion invokes the trial court's jurisdiction for the limited purpose of holding a hearing to determine the date of notice. *Grondona v. Sutton*, 991 S.W.2d 90, 91-92 (Tex. App.—Austin 1998, pet. denied). The trial court's plenary jurisdiction is measured from the date determined under rule 306a(4). *John v. Marshall Health Svcs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001). After a hearing on June 6, the district court entered an order denying the 306a(5) motion on July 19 and stated that the March 31 date of the judgment remained applicable.

After receiving notice on April 21, the Bizzells had an opportunity to file a motion contesting the judgment until May 2. *See* Tex. R. Civ. P. 329b. The Bizzells also had time to seek an extension from this Court for filing their notice of appeal between April 21 and May 17. *See* Tex. R. App. P. 26.1, 26.3. The Bizzells did not avail themselves of either available procedure. Their notice of appeal on July 1 was untimely and, under the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other than dismissal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). We deny the motions for extension of time and to abate, and we dismiss the appeal.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   September 15, 2005