In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-221 CV


____________________



LESSIE NANCE, Appellant



V.



EVADALE INDEPENDENT SCHOOL DISTRICT, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 25758






MEMORANDUM OPINION


 This appeal presents a question of satisfaction of the party's burden of proof on a
request to extend post-judgment deadlines. The trial court held the appellant, Lessie
Nance, failed to establish the first date on which she personally received notice of
judgment or acquired actual knowledge of its signing. The appellee, Evadale Independent
School District ("EISD") argues the trial court did not err in denying the appellant's
motion to extend post-judgment deadlines because evidence that counsel received notice
of judgment and acquired actual knowledge of its signing more than twenty days after the
fact does not establish that Nance did not acquire actual knowledge of its signing within
twenty days of the original judgment date. We hold that a party seeking a new date of
judgment based on delayed notice to counsel must establish the date on which the party,
either personally or through counsel, acquired actual knowledge of the signing. Because
the evidence presented to the trial court does not establish this date, Nance failed to meet
her burden of proof and the trial court did not err in failing to set a new date of judgment.

 The trial court signed an order granting the school district's motion to dismiss for
lack of jurisdiction November 29, 2004. On February 6, 2005, Nance filed a motion to
extend post-judgment deadlines in which she alleged that the plaintiff first obtained notice
of judgment on the seventh or eighth day of January 2005, when her counsel received a
copy of the judgment mailed by the district clerk January 6, 2005. The motion was verified
by counsel. In a response filed February 18, 2005, EISD argued that Rule 306a required
the plaintiff to prove not only when counsel received notice or actual knowledge of signing
of judgment, but also the date on which Nance received notice or actual knowledge of the
judgment, and that the latter was not established in her motion to extend post-judgment
deadlines. The trial court conducted a hearing on April 21, 2005. At the hearing, counsel
represented to the court that "I've checked with her, and there was no such gossip passed
on to her." Counsel for EISD noted that counsel's representation was hearsay, and that
evidence of when counsel received notice of judgment did not establish the date the litigant
acquired actual knowledge that a judgment had been signed. On April 26, 2005, the trial
court signed an order denying Nance's motion to extend post-judgment deadlines and
denied her motion for new trial. The trial court filed findings of fact and conclusions of
law in which it found that no evidence was submitted establishing when Nance acquired
actual knowledge of the November 29, 2004, order on motion to dismiss for lack of
jurisdiction. 

 At the request of this Court, the parties briefed the issue of whether the appeal was
timely perfected. Nance contends that Rule 306a(4) is triggered if either the party or the
party's counsel has neither received notice of judgment nor acquired actual notice of its
signing, so all she was required to prove was that counsel did not receive the copy of the
judgment within the time period provided by Rule 306a(4). See Tex. R. Civ. P. 306a(4). 
We disagree. Rule 306a(5) provides that "the party adversely affected is required to prove
. . . the date on which the party or [her] attorney first either received a notice of the
judgment or acquired actual knowledge of the signing and that this date was more than
twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). Under the plain
language of the rule, a party seeking a new judgment date must establish the first occurring
of four possible events: (1) the party receives notice; (2) the party acquires knowledge; (3)
counsel receives notice; and (4) counsel acquires knowledge. Id. Counsel represented to
the trial court that he requested a certified copy of the judgment on January 5 and argued
that because he was representing Nance, any notice from the court would have been mailed
to him and not to Nance. Although EISD argued both in its response and during the
hearing that Nance failed to present evidence relevant to each of the potentially relevant
dates, at the hearing Nance's evidence did not address all potentially relevant dates. As
a result, Nance failed to meet her burden of proof under Rule 306a(5). 

 By filing a sworn motion to establish a new date of judgment, Nance reinvoked the
trial court's plenary jurisdiction for the limited purpose of determining the date of the
notice. Grondona v. Sutton, 991 S.W.2d 90, 91-92 (Tex. App.-Austin 1998, pet. denied). 
The trial court conducted the hearing required in response to Nance's filing of a sworn
motion setting forth a prima facie case of lack of timely notice. See Tex. R. Civ. P.
306a(5). At the hearing, Nance had the burden of proof. Id. Although Nance established
within a day or two the date counsel obtained a copy of the judgment, in its fact-finding
capacity the trial court could have reasonably disregarded counsel's statement about
"gossip" as hearsay, and Nance provided no other evidence of when she acquired actual
notice that a judgment had been signed in her case. Furthermore, were we to deem
January 7, 2005, as the date of judgment, Nance neither obtained an order from the trial
court within the period of the trial court's plenary jurisdiction nor filed notice of appeal
within ninety days of January 7, 2005. (1) 

 Nance failed to establish her entitlement to relief under Rule 306a(5), and failed to
timely file notice of appeal. Accordingly, the appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED.

 ___________________________

 HOLLIS HORTON

 Justice


Opinion Delivered September 15, 2005 

Before Gaultney, Kreger and Horton, JJ.


1. On February 4, 2005, Nance filed a combined "Plaintiff's Motion to Extend
Postjudgment Deadlines, and Plaintiff's Motion for New Trial, and Alternatively,
Plaintiff's Notice of Appeal." This conditional notice of appeal contained within a motion
for new trial does not express the party's present intention to perfect appeal; therefore, it
is not a bona fide effort to invoke appellate jurisdiction. See Interest of K.A.F., 160
S.W.3d 923, 927 (Tex. 2005); Lane v. Burkett, No. 13-04-290-CV, 2004 WL 1687913
at *1 (Tex. App.-Corpus Christi July 29, 2004, no pet.).