TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00210-CV






Kenneth R. Jacob and Blair Jacob, Appellants


v.


International Cellulose Corporation, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. D-1-GN-06-000904, HONORABLE JOSEPH H. HART, JUDGE PRESIDING




O R D E R



 Appellee Neal Wood, individually and d/b/a Neal Wood Electric ("Wood") has filed
a motion to dismiss for lack of jurisdiction on the ground that appellants failed to comply with the
requirements of Texas Rule of Civil Procedure 306a when requesting additional time to file their
notice of appeal from the trial court's grant of summary judgment in favor of Wood. Because we
agree that appellants failed to comply with the requirements of the rule, we grant appellee's motion 
and dismiss that portion of the appeal as to Wood for lack of jurisdiction.

 When a party or his attorney does not receive timely notice of the trial
court's judgment, rule 306a allows a party to seek an extension of the post-judgment deadlines. 
Tex. R. Civ. P. 306a(4)-(5). The trial court signed a final judgment as to appellee Wood, defendant
below, on April 13, 2006. The record reflects that counsel for appellants did not receive notice of
the judgment until May 9, 2006. Accordingly, appellants filed a motion to extent post-judgment
deadlines as allowed under paragraphs 4 and 5 of rule 306a.

 Rule 306a(4) provides an exception to the post-judgment deadlines when a party
establishes that neither he nor his attorney received notice, or acquired actual knowledge, of the order
within 20 days after the judgment or other appealable order was signed. To establish that the
exception in paragraph 4 applies, rule 306a(5) requires a party to demonstrate in the trial court the
date on which either the party or his attorney received notice--or acquired actual notice--of the trial
court's judgment. Tex. R. Civ. P. 306a(5); see Memorial Hosp. of Galveston County v. Gillis, 741
S.W.2d 364, 365-66 (Tex. 1987); Grondona v. Sutton, 991 S.W.2d 90, 92 (Tex. App.--Austin 1998,
pet. denied ) (per curiam).

 In their motion to extend post-judgment deadlines, appellants included an affidavit
of counsel regarding when counsel received notice of the judgment, but appellants did not submit
evidence on when they personally received notice or acquired actual knowledge of the judgment.

 This situation is controlled by our decision in Grondona v. Sutton. In Grondona, we
granted appellee's motion to dismiss for lack of jurisdiction because appellant failed to present
evidence of when their attorney received notice. Grondona, 991 S.W.2d at 92. We held that
appellant's failure to comply with rule 306a(5) deprived the trial court of jurisdiction to determine
the date of notice. Id. Because appellants in this case failed to offer evidence that they did not
personally receive timely notice or acquire actual knowledge of the trial court's judgment in favor
of Wood, they did not make a prima facie case of late notice as required under rule 306a. Thus,
appellants failed to invoke the trial court's jurisdiction to determine the date of notice, and we are
compelled by our holding in Grondona to grant Wood's motion to dismiss for lack of jurisdiction. 
See id. ("where movant fails to establish applicability of exception in the required manner, the trial
court lacks jurisdiction to determine date of notice and any order doing so is void").

 It is so ordered November 22, 2006.




 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: November 22, 2006