MEMORANDUM OPINION












 

 

 

 

 

 

 

 

 

 

 

MEMORANDUM OPINION

 

 

No. 04-07-00831-CV

 

In the Estate of Jose Luis Pomar,
Deceased

 

From the County Court At Law No 1, Webb County, Texas

Trial Court No. 2007-PB4-000018-L1

Honorable Alvino (Ben) Morales, Judge Presiding

 

PER CURIAM

 

Sitting:            Alma
L. López, Chief Justice

                        Rebecca Simmons, Justice

                        Steven C. Hilbig, Justice

 

Delivered and
Filed:   February 20, 2008

 

DISMISSED

 

Appellant
Evangelina Rendon appeals the trial court’s order signed on October 1,
2007.  In this order, the trial court
stated that Rendon “failed to prove the elements of a common law marriage to
[Pomar], and otherwise has no interest in his estate.”  The trial court ordered that Rendon “take
nothing from the estate of [Pomar].”[1]  The notice of appeal was due to be filed on October
31, 2007.  A motion for extension of time
to file the notice of appeal was due to be filed on November 15, 2007.  See Tex.
R. App. P. 26.3.  Rendon filed her
notice of appeal on November 26, 2007 and a motion for extension of time to
file a notice of appeal on December 4, 2007. 
On
December 11, 2007, we issued an order that Rendon show cause, in writing, why her
appeal should not be dismissed for lack of jurisdiction.

Rendon filed a response on
January 23, 2007.  In her response,
Rendon states that this court should not dismiss her appeal because she filed a
petition for writ of mandamus in an attempt to invoke this court’s jurisdiction.  On October 23, 2007, Rendon filed a petition
for writ of mandamus complaining that “the trial court limited her efforts to
obtain discovery showing the children are disqualified to serve as
administrators.”  In re Evangelina Rendon, No. 04-07-00742-CV, 2007 WL 3355455 (Tex.
App.—San Antonio
Nov. 14, 2007, orig. proceeding).  On
November 14, 2007, this court denied Rendon’s petition.  Id.  

Generally,
the appellate court’s jurisdiction is invoked when an appellant timely files
“an instrument in a bona fide attempt to invoke [that] court’s
jurisdiction.”  Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997). 
The issue Rendon seems to posit is whether her petition for writ of
mandamus is an instrument that she filed in a bona fide attempt to invoke this
court’s appellate jurisdiction.  We hold
that Rendon’s petition for writ of mandamus is not an instrument that was filed
in a bona fide attempt to invoke the appellate court’s jurisdiction as
purported in her notice of appeal.  

Rendon’s
petition for writ of mandamus and notice of appeal requested relief from
different orders and thus, served different purposes.  Unlike her notice of appeal, in her petition
for writ of mandamus, Rendon was not seeking appellate relief from the trial
court’s order dated October 1, 2007.  Rendon’s
petition for writ of mandamus was, therefore, not filed for the purpose of
obtaining appellate relief from the trial court’s order of October 1,
2007.  Consequently, we are unable to
conclude that Rendon’s petition for writ of mandamus can serve as a substitute
to timely perfect her appeal.  See In the Interest of K.A.F., 160 S.W.3d
923, 928 (Tex. 2005) (holding that a motion for new trial is not an instrument
that may be considered a bona fide attempt to invoke the appellate court’s
jurisdiction because, among other reasons, the purpose of the motion is to
extend the deadline to file a notice of appeal and not to serve as a
substitute).  

  Accordingly, Rendon’s notice of appeal is
untimely.  “Because this court is without
jurisdiction to consider an appeal that is not timely perfected, we must
dismiss this appeal for want of jurisdiction.” 
Grondoma v. Sutton, 991 S.W.2d 90, 93 (Tex. App.—Austin 1998,
pet. denied).  Rendon’s appeal is
therefore dismissed for want of jurisdiction.[2]

 

 

PER
CURIAM

 








 











[1]
On October 22, 2007, the trial court granted letters of administration to
applicants Jose Luis Pomar, Jr. and Isabel Garcia Pomar.  Rendon and Guadalupe Pomar filed a joint
notice of appeal and the motion for extension of time to file a notice of
appeal.  This court granted Guadalupe
Pomar’s motion.  





[2]
We dismiss Rendon’s appeal without any bearing to Guadalupe Pomar’s
appeal.