Opinion issued July 31, 2008 








 










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00410-CV

____________


BIO LANDSCAPE & MAINTENANCE, INC., Appellant


V.


SALLE MORSE, Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-77992






MEMORANDUM OPINION

 Appellant, Bio Landscape & Maintenance, Inc. ("Bio"), challenges the trial
court's judgment entered in favor of appellee, Salle Morse, and Sid Morse, (1) in the
Morses' suit against Bio for damages based on a breach of contract. In its sole issue,
Bio contends that the trial court erred in allowing an undisclosed witness to testify at
trial.

 We dismiss Bio's appeal.

Procedural Background

 On December 6, 2006, the trial court signed its final judgment, and Bio filed
a motion for new trial on January 2, 2007. On March 21, 2007, Bio's motion to
extend post-judgment deadlines "was presented to the [t]rial [c]ourt at oral hearing." 
The trial court found that Bio did not receive notice of the final judgment until
December 27, 2006, twenty-one days after the trial court signed its final judgment. 
On March 23, 2007, Bio filed its notice of appeal.

Motion to Extend Post-judgment Deadlines Texas Rule of Civil Procedure 306a provides that a party's deadline to file
various documents may start on the day that the party received actual knowledge of
the final judgment, rather than when the trial court signed its final judgment. See
Tex. R. Civ. P. 306a. This includes the applicable time period to file a notice of
appeal. Levit v. Adams, 850 S.W.2d 469, 469-70 (Tex. 1993).

 The Texas Supreme Court has explained that complying with the provisions
of Rule 306a is a jurisdictional prerequisite. Mem'l Hosp. v. Gillis, 741 S.W.2d 363,
365 (Tex. 1987); see Grondona v. Sutton, 991 S.W.2d 90, 91 (Tex. App.--Austin
1998, pet. denied) (per curiam). The Texas Supreme Court has also explained,

Post-judgment procedural timetables--including the period of the trial
court's plenary power--run from the day a party receives notice of
judgment, rather than the day judgment is signed, if the party: (1)
complies with the sworn motion, notice[,] and hearing requirements
mandated by Rule 306a(5), and (2) proves it received notice of the
judgment more than twenty (but less than ninety-one) days after it was
signed. Specifically, Rule 306a(5) requires that the party alleging late
notice of judgment file a sworn motion with the trial court establishing
the date the party or its counsel first learned of the judgment. The
motion must be filed before the trial court's plenary power--measured
from the date of notice established under Rule 306a(4)--expires. The
sworn motion establishes a prima facie case that the party lacked timely
notice and invokes a trial court's otherwise-expired jurisdiction for the
limited purpose of holding an evidentiary hearing to determine the date
on which the party or its counsel first received notice or acquired
knowledge of the judgment.


In re Lynd Co., 195 S.W.3d 682, 685 (Tex. 2006) (internal citations omitted)
(emphasis added); see Jon v. Stanley, 150 S.W.3d 244, 248 (Tex. App.--Texarkana
2004, no pet.) ("Even if Rule 306a(4) did apply to [the plaintiff], in order to establish
the applicability, he was required to file a sworn motion in the trial court establishing
the date on which he first received notice or acquired actual knowledge of the signing
of the order."); Grondona, 991 S.W.2d at 92 ("The sworn motion serves the purpose
of establishing a prima-facie case of lack of timely notice, thereby invoking the trial
court's jurisdiciton for the limited purpose of holding a hearing to determine the date
of notice."); In re Simpson, 932 S.W.2d 674, 678 (Tex. App.--Amarillo 1996, no
writ) ("[I]t was held . . . that[,] absent a sworn motion showing a prima facie lack of
notice of the judgment, the trial court's plenary power was not invoked and the [trial]
court was without jurisdiction to hold a hearing.").

 Here, Bio did not file its notice of appeal within ninety days after the trial court
signed its final judgment. See Tex. R. App. P. 26.1(a)(1). The clerk's record does not
include a sworn motion seeking to extend post-judgment deadlines due to a lack of
actual knowledge of the final judgment. On February 25, 2008, we ordered the trial
court clerk to supplement the clerk's record with any such sworn motion. In our
order, we also informed the parties of their ability to supplement the clerk's record. 
On March 3, 2008, the trial court clerk supplemented the clerk's record, and the
supplemental clerk's record did not contain a sworn motion. On July 8, 2008, we
again ordered the trial court clerk to supplement the clerk's record with any such
sworn motion and also ordered the trial court clerk to supplement the clerk's record
by stating that, if there was not a sworn motion from Bio, that it did not have such a
sworn motion. On July 8, 2008, the trial court clerk supplemented the clerk's record
by stating that it did not have such a sworn motion. Thus, Rule 306a(4) does not
operate to make Bio's notice of appeal timely filed. See Lynd, 195 S.W.3d at 695. 

 If an appeal is not timely perfected, we do not have jurisdiction to consider the
merits of the appeal and can take no action other than to dismiss the appeal. In re
A.L.B., 56 S.W.3d 651, 652 (Tex. App.--Waco 2003, no pet.). Accordingly, we
dismiss the appeal for lack of jurisdiction. See Tex. R. App. P. 42.3.

Conclusion

 We dismiss Bio's appeal for lack of jurisdiction.



 


 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. Bio does not contest the trial court's judgment rendered in favor of Sid Morse.