# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00679-CV

**Sandra Turbeville and Michael Turbeville, Appellants**

**v.**

**Lorraine M. Dailey, Individually and d/b/a LMD Architects, PLLC;
Lorraine M. Dailey, Architect, PLLC; TBP Enterprises I, Ltd.; and TBP Enterprises, Inc.,
d/b/a Genesis Custom Homes, Appellees**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CV06361, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Sandra and Michael Turbeville have filed a notice of appeal from an adverse district court judgment.[1]  Appellees have moved to dismiss the appeal for want of subject-matter jurisdiction, asserting that the Turbevilles filed their notice of appeal more than fifteen days after the applicable deadline to perfect their appeal.  *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (explaining that once the fifteen-day period for filing a motion for extension of time to file notice of appeal has passed, "a party can no longer invoke the appellate court's jurisdiction").  Complaining that they did not receive timely notice of the judgment, the Turbevilles have filed a motion purporting to seek relief under Texas Rule of Civil Procedure 306a(4) and an extension as permitted by the Texas Rules of Appellate Procedure.  Concluding that

---

[1]  The judgment ordered that the Turbevilles take nothing on claims they had asserted against appellees and awarded damages against the Turbevilles on a counterclaim asserted by one of the appellees.

the Turbevilles are not entitled to relief and that we have no discretion but to dismiss their appeal, we grant appellees' motion and overrule the Turbevilles' motion.

The district court's final judgment was based on an interlocutory no-evidence summary judgment foreclosing some claims asserted by the Turbevilles and jury findings in a subsequent trial on other claims asserted by the parties. Following the jury's rendition of its verdict, trial concluded on June 6, 2011. The district court signed the final judgment roughly one month later, on July 6, 2011. On August 2, 2011—within thirty days after the date the judgment was signed, i.e., timely—the Turbevilles filed a motion for new trial. *See* Tex. R. Civ. P. 329b(a) (motion for new trial must be filed within thirty days after the judgment is signed). Under the Texas Rules of Appellate Procedure, the Turbevilles' timely filing of a new trial motion served to extend their deadline to file their notice of appeal until October 4, 2011, the ninetieth day after the judgment was signed. *See* Tex. R. App. P. 26.1(a)(1) (where timely new-trial motion is filed, appellate deadline is the ninetieth day after the judgment is signed). But the Turbevilles did not file their notice of appeal until October 24, at the earliest[2]—twenty days after the deadline. Thus, the Turbevilles not only failed to comply with the appellate deadline in Rule 26.1(a)(1), but also missed the fifteen-day window thereafter in which this Court would have had jurisdiction to grant an extension of that deadline. *See Verburgt*, 959 S.W.2d at 617. Citing these reasons, appellees have moved to dismiss the Turbevilles' appeal for want of subject-matter jurisdiction.

The Turbevilles have responded with a "verified motion to extend time to file their notice of appeal." In it, they request that we "find that the appellate deadlines ran from July 27,

---

[2] The Turbevilles, through counsel who is based in Fredricksburg, Gillespie County, filed a notice of appeal to our sister court who serves that area, the Fourth Court of Appeals, on October 24, 2011. On October 26, they filed an amended notice of appeal correcting the error. Appellees do not dispute that the Turbevilles' October 24 filing is the one relevant to our jurisdictional analysis.

2011," rather than July 6, when the judgment was signed. If we do so, as the Turbevilles observe, their new trial motion (timely under either start date) would have served to extend their appellate deadline until the ninetieth day after July 27—October 25—as opposed to the ninetieth day after the date the judgment was signed, October 4. *See* Tex. R. App. P. 26.1(a)(1). In turn, the Turbevilles' October 24 notice of appeal would have been timely.[3]

The Turbevilles purport to rely on paragraph 4 of Texas Rule of Civil Procedure 306a. Paragraph 4 of Rule 306a is an exception to the general rule, stated in paragraph 1 of rule 306a, that deadlines for filing post-judgment motions or notices of appeal begin to run on the date the judgment is signed. *See* Tex. R. Civ. P. 306a(1), (4); *see also Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam); *John v. Marshall Health Services, Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam). Paragraph 4 states, in relevant part:

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first . . . .

Tex. R. Civ. P. 306a(4). Paragraph 3 of Rule 306a requires that when a final judgment or other appealable order is signed, "the clerk of the court shall immediately give notice to the parties" of same by first-class mail. *Id.* R. 306a(3). The Turbevilles claim that the clerk failed to give this required notice here. They attach an affidavit from Sandra Turbeville averring that she first learned that the judgment had been signed on July 22, 2011, when she visited the district clerk's office and

---

[3] The same would be true of the October 26 amended notice of appeal, as it would fall within the fifteen-day extension window that would follow the expiration of the October 25 deadline.

made inquiry.[4]  Sandra further indicates that she obtained a copy of the judgment and contacted her counsel (who was in Arizona at the time) by telephone.  According to Sandra, counsel advised that he would return to the office on July 27 and instructed her to mail him a copy so he could review it.  The Turbevilles' counsel verifies the same facts in the motion and adds that he first reviewed the judgment upon his return to the office on July 27.

In the Turbevilles' view, Rule 306a, paragraph 4, requires that we deem their appellate deadlines to begin to run from July 27, 2011, the date on which their counsel reviewed the judgment upon his return to the office.  Their analysis is flawed in several respects.

To invoke the extension mechanism in Rule 306a(4), a party adversely affected by a judgment must (1) comply with procedural requirements of paragraph 5 of Rule 306a, and (2) prove it received notice of the judgment more than twenty days after it was signed.  *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (citing Tex. R. Civ. P. 306a).  The Turbevilles have not met, and cannot meet, these requirements.  Among other procedural defects, they have filed their motion in this Court rather than the district court, and cannot possibly obtain relief there now.[5]  As for proof,

---

[4]  As previously noted, the case had been tried to a jury verdict a few weeks earlier.

[5]  Paragraph 5 of Rule 306a requires that the party alleging late notice of judgment file a sworn motion with the *trial* court establishing the date the party or its counsel first learned of the judgment and that this date was more than twenty days after the judgment was signed.  Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006).  This motion, moreover, "must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires."  *In re Lynd Co.*, 195 S.W.3d at 685 (citing *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam)).  Here, accepting the Turbevilles' assertion that the date of notice was July 27, the district court's plenary power would have expired on November 9 (the date following the thirtieth day after their new trial motion would have been overruled by operation of law).  *See* Tex. R. Civ. P. 329b(c), (e).  *See also Grondona v. Sutton*, 991 S.W.2d 90, 91 (Tex. App.—Austin 1998, pet. denied) (holding that "[e]ven if [appellant] had offered prima-facie evidence during the court's plenary power, he failed to obtain a ruling on his [Rule 306a] motion within that period," and that order signed after the plenary power expired was "of no effect").

4

the Turbevilles' verified motion and affidavit affirmatively negate that they could meet their burden of proof. Specifically, the verified motion and affidavit establish that both Sandra Turbeville and the Turbevilles' attorney acquired actual knowledge of the judgment on July 22, 2011—only sixteen days after the judgment was signed. *Cf.* Tex. R. Civ. P. 306a(4) (applying only if the "*party . . . or his attorney* has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order" within twenty days after it was signed) (emphasis added), (5) (requiring movant to prove that "the date on which *the party or his attorney* first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.") (emphasis added). It is this date, July 22, 2011, the date on which they acquired actual notice of the judgment, that is material and controlling under Rule of Civil Procedure 306a(4)—not, as the Turbevilles suggest, the date when their attorney returned to his office and reviewed the written judgment. *See id.* R. 306a(4).[6] In short, the Turbevilles have not, and cannot, show themselves entitled to relief under this rule.

Absent relief under Rule 306a, paragraph 4, the Turbevilles' appellate deadlines began to run on the date the judgment was signed, July 6, 2011, making their notice of appeal too

---

[6] Also immaterial to our analysis under Rule 306a(4) are various assertions by the Turbevilles' counsel regarding the underlying causes of the clerk's failure to give notice. Even taking these assertions as true, none would cure the fatal procedural and substantive defects in the Turbevilles' motion.

We would further observe that this is not a case where any absence of the notice required by Rule 306a, paragraph 3, deprived the Turbevilles of a reasonable opportunity to perfect their appeal. After obtaining actual notice of the judgment on July 22, the Turbevilles filed a timely motion for new trial, which served to extend their appellate deadline until October 4—giving them over seventy days to file their notice of appeal, plus an additional fifteen days in which they could have sought an extension. Similarly, even counting from July 27, the date on which counsel reviewed the judgment, the Turbevilles had sixty-nine days to perfect their appeal, plus fifteen days to seek an extension.

late even to invoke our jurisdiction to grant an extension of their appellate deadlines. *See* Tex. R. App. P. 26.3; *Verburgt*, 959 S.W.2d at 617. Consequently, we must grant the appellees' dismissal motion, deny the Turbevilles' extension motion, and dismiss the Turbevilles' appeal for want of subject-matter jurisdiction. *See* Tex. R. App. P. 42.3(a).


_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   December 14, 2011