**Christopher Leigh JOHN, Petitioner,**

**v.**

**MARSHALL HEALTH SERVICES, INC. and Harrison County Hospital Association, Inc. d/b/a Marshall Regional Medical Center, Respondents.**

No. 00–0324.

Supreme Court of Texas.

Sept. 20, 2001.

Derek Shane Hollingsworth, Harris County Dist. Atty. Office, Houston, Weston C. Loegering, Davis LeClair Loegering & Daniel, David J. Schenck, Gregory M. Bair, Hughes & Luce, Dallas, Kenneth L. Ross, Ross Hudgens & Associates, Longview, for Petitioner.

Otis W. Carroll, Deborah J. Race, Ireland Carroll & Kelley, Tyler, for Respondents.

PER CURIAM.

There are two questions here. First: is a judgment rendered after the close of trial final and appealable if it does not expressly dispose of the plaintiff's claims against defendants with whom the plaintiff was negotiating settlement? Second: must a motion to extend post-judgment deadlines under Rule 306a(5) of the Texas Rules of Civil Procedure [1] be filed within thirty days of the date the movant learned that judgment had been signed? The court of appeals answered both in the affirmative and dismissed the appeal for want of jurisdiction.[2] We agree that the trial court's judgment was final and appealable, but not that the appeal was untimely perfected. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for consideration of the merits.

Plaintiff Christopher Leigh John sued six defendants: Trinity Mother Frances Health System, Tom Cammack, and Trincare Inc. ("the Trinity defendants"); Harrison County Hospital Association, Inc. and Marshall Health Services ("the Marshall defendants"); and Dianna Taylor. John alleged fraud, breach of contract, and tortious interference. The trial court granted partial summary judgment for the Marshall defendants on John's breach-of-contract claims. Shortly before trial, John reached a preliminary settlement with the three Trinity defendants, but no final agreement was made and the Trinity de-

fendants were not dismissed from the case. The other three defendants moved for a continuance because of uncertainty about the effect of the settlement on the trial. The trial court denied the motion, and the case proceeded to trial on John's claims against Taylor and the Marshall defendants. John nonsuited Taylor during the trial, and only his claims against the Marshall defendants were submitted to the jury. After the jury failed to reach a verdict, the trial court at first declared a mistrial, then withdrew that ruling and granted the Marshall defendants' earlier motion for a directed verdict. The Marshall defendants drafted and submitted a judgment, which the trial court signed on September 8. Entitled "Final Judgment", it recited the nonsuit of Taylor and ordered that John take nothing against the Marshall defendants. The judgment awarded costs against John and contained a "Mother Hubbard" clause, that "[a]ll other relief not expressly granted in this judgment is denied." The judgment did not mention the three settling Trinity defendants, and the record does not reflect whether their settlement was finalized.

The judgment was not filed by the clerk until September 13. John did not receive the defendants' proposed draft until several days later, and never received written notice from the clerk that a final judgment had been signed.[3] John first learned of the judgment in a telephone conversation with the clerk on September 30. The clerk stated that the judgment had been signed September 13. John filed a motion for new trial on October 13, more than thirty days after the judgment was signed

1. Unless otherwise noted, all references to rules are to the Texas Rules of Civil Procedure.

2. 12 S.W.3d 888.

3. Rule 306a(3) provides in part: "When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed."

when such motions must ordinarily be filed.[4] Post-judgment deadlines may be extended under Rule 306a, but John did not file the requisite motion under Rule 306a(5) until December 10. After a hearing, the trial court agreed that John first learned of the judgment on September 30, but that the Rule 306a(5) motion was filed too late, and therefore the time for filing a motion for new trial was not extended. On December 13, John filed a notice of appeal which was timely only if post-judgment deadlines ran from September 30 instead of September 8.

On appeal, John argued that the judgment was not final because it did not dispose of the claims against the Trinity defendants. The court of appeals held that because the judgment followed a conventional trial on the merits and contained a "Mother Hubbard" clause, it was presumed final,[5] citing this Court's opinions in *North East Independent School District v. Aldridge*[6] and *Mafrige v. Ross*.[7] The court of appeals further held that John's Rule 306a(5) motion should have been filed within thirty days of the date he first learned of the judgment and because it was not, neither the motion for new trial nor the notice of appeal were timely filed.[8] Accordingly, the court of appeals dismissed John's appeal for want of jurisdiction.

■ We first consider whether the judgment was final. Recently in *Lehmann v. Har–Con Corp.*, we observed that "[t]he presumption that a judgment rendered after a conventional trial on the merits is final and appealable has proved fairly workable for nearly a century...."[9] John here argues that this presumption should not be rigidly applied to make judgments

final contrary to litigants' reasonable expectations. We do not disagree with this argument in general, especially given today's frequency of separate trials of parties and claims in a single case, and bifurcated trials required in certain instances. However, we believe the presumption is entirely appropriate in a case like this. John did not move for separate trials; he went to trial against the only defendants against whom he still wished to prosecute his claims. The trial court and all of the parties were aware of the pending settlement, and there is nothing to indicate that the trial court did not intend the judgment to finally dispose of the entire case. John did not move for dismissal of his claims against the Trinity defendants or for an agreed judgment. Whether the judgment was final should not depend on one party's testimony that he did or did not finalize a settlement with parties from whom he sought no relief at trial. The *Aldridge* presumption fits just such circumstances.

■ We next consider the Rule 306a issue. Rule 306a(1) provides that the periods within which parties may file various post-judgment motions and trial courts may exercise their plenary jurisdiction all run from the date the judgment is signed. Rule 306a(3) requires clerks to notify parties or their attorneys immediately when a judgment is signed. Rule 306a(4) provides the following exception to Rule 306a(1):

If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of

---

4. Tex.R. Civ. P. 329b(a).

5. 12 S.W.3d at 890.

6. 400 S.W.2d 893, 897–898 (Tex.1966).

7. 866 S.W.2d 590, 592 (Tex.1993).

8. 12 S.W.3d at 891.

9. 39 S.W.3d 191, 199 (Tex.2001).

the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Rule 306a(5) prescribes the procedure for claiming this exception:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

The rules do not set a deadline for filing a motion under Rule 306a(5).[10]

Nevertheless, the court of appeals in this case held that such a motion must be filed within thirty days of the date a party or his attorney first either receives the clerk's notice of a judgment or acquires actual knowledge that the judgment was signed.[11] Three other courts have reached the same conclusion,[12] but two courts have concluded that Rule 306a(5) does not prohibit a motion from being filed at any time within the trial court's plenary jurisdiction measured from the date determined under Rule 306a(4).[13] The latter courts are plainly correct: Rule 306a simply imposes no deadline, and none can be added by decision,[14] other than the deadline of the expiration of the trial court's jurisdiction. We disapprove the cases that have reached a contrary result.[15]

Because the trial court here found that John did not have notice of the judgment until September 30, more than twenty days after it was signed, time periods based on the signing of the judgment ran instead from that date. Thus, under Rule 329b(a) the plaintiff had thirty days to file a motion for new trial, and he did so. Because the trial court did not rule on the motion, it was overruled by operation of law on the seventy-fifth day[16] after September 30, which was December 14. The trial court's plenary jurisdiction did not expire until thirty days later,[17] on January 13, 2000. The plaintiff's notice of appeal was due ninety days[18] from September 30, which was December 29, and was therefore timely when filed on December 13.

---

10. See *Levit v. Adams*, 850 S.W.2d 469 (Tex. 1993).

11. 12 S.W.3d at 891.

12. *Thompson v. Harco Nat'l Ins. Co.*, 997 S.W.2d 607, 618 (Tex.App.—Dallas 1998, pet. denied); *Gonzalez v. Sanchez*, 927 S.W.2d 218, 221 (Tex.App.—El Paso 1996, no writ) (per curiam); *Montalvo v. Rio Nat'l Bank*, 885 S.W.2d 235, 237 (Tex.App.—Corpus Christi 1994, no writ) (per curiam); *Womack–Humphreys Architects, Inc. v. Barrasso*, 886 S.W.2d 809, 816 (Tex.App.—Dallas 1994, writ denied).

13. *Green v. Guidry*, 34 S.W.3d 669, 670 (Tex. App.—Waco 2000, no pet.) (per curiam); *Grondona v. Sutton*, 991 S.W.2d 90, 92 (Tex. App.—Austin 1998, pet. denied) (per curiam); *Vineyard Bay Dev. Co. v. Vineyard on Lake Travis*, 864 S.W.2d 170, 172 (Tex.App.—Austin 1993, writ denied) (per curiam).

14. See *Lehmann*, 39 S.W.3d at 205 (citing *State Dept. of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992), and *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992)).

15. See note 12 *supra*.

16. Tex.R. Civ. P. 329b(c).

17. Tex.R. Civ. P. 329b(e).

18. Tex.R.App. P. 26.1(a).

We thus conclude that the court of appeals erred by dismissing the appeal for want of jurisdiction. Accordingly, the Court grants John's petition for review, and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of the parties' other arguments.