Dismissed and Opinion filed December 19, 2002









Dismissed and Opinion filed December 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00808-CV

____________

 

C. CHAMBERS ENTERPRISES, INC. and 

CAROLYN
CHAMBERS, Individually, Appellants

 

V.

 

6250 WESTPARK, LP, Appellee

 



 

On
Appeal from the 55th District Court

Harris County, Texas

Trial
Court Cause No. 01-07460

 



 

M
E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final judgment signed
March 28, 2002, after the trial court denied appellants= motion to disregard jury
findings.  Appellants then filed a motion
for new trial on April 26, 2002.  Appellants= notice of appeal was not filed until August 2, 2002.  








When an appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed.  See Tex.
R. App. P. 26.1(a).  Therefore, appellants= notice of appeal was due on June 26,
2002.

Appellants= notice of appeal was not filed
timely.  A motion for extension of time
is necessarily implied when a appellant, acting in good faith, files a notice
of appeal beyond the time allowed by rule 26.1, but within the fifteen-day
grace period provided by Rule 26.3 for filing a motion for extension of
time.  See Verburgt
v. Dorner, 959 S.W.2d 615, 617-18 9 (1997)
(construing the predecessor to Rule 26). 
However, the appellant must offer a reasonable explanation for failing
to file the notice of appeal in a timely manner.  See Tex.
R. App. P. 26.3, 10.5(b)(1)(C); Verburgt, 959 S.W.2d at 617-18.  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3.

On November 20, 2002, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellants filed a response that fails to
demonstrate this Court has jurisdiction. 
In their response, appellants assert their motion for new trial was
denied on June 6, 2002, and they filed a motion for rehearing of the denial of
the motion for new trial on June 21, 2002. 
The trial court denied the motion for rehearing on July 3, 2002.  Thus, appellants assert their notice of
appeal filed on August 2, 2002, was timely because it was within thirty days of
the order denying their motion for rehearing. 
Appellants are incorrect in their arguments.  The time for filing the notice of appeal is
calculated from the signing of the judgment. 
Tex. R. App. P. 26.1.  An order overruling a motion for rehearing of
the denial of a motion for new trial is not a separately appealable
order for purposes of extending the appellate timetable.








Appellants also allege the judgment in this case may not be
final because it does not expressly address appellants= counterclaim for attorney=s fees, citing Lehmann
v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001).  Lehmann has
no application to a judgment entered after a conventional trial on the merits,
however.  See id. at 204.  Because the
judgment followed a jury trial on the merits and contains a AMother Hubbard@ clause, it is presumed final.  See North East Independent School District
v. Aldridge, 400 S.W.2d 893, 897‑898 (Tex. 1966).  As in John v. Marshall Health Services,
Inc., 58 S.W.3d 738, 740 (Tex. 2001), cited by appellants, we conclude the Aldridge
presumption that the judgment is final applies in this case.

In the absence of a timely notice of appeal, this Court is
without jurisdiction over the appeal. 
Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Opinion
filed December 19, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P. 47.3(b).