NO. 07-03-0188-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 13, 2003


______________________________



TOMMY L. MCDOWELL
,




 Appellant


v.



MELANIE M. WALT, 




 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;



NO. 50,242-B; HON. JOHN B. BOARD, PRESIDING


_______________________________





On Motion for Rehearing


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is the Second Motion for Rehearing of Tommy L.
McDowell. Therein, he raised several grounds which purportedly warrant reconsideration
of our prior decision dismissing the appeal for want of jurisdiction. The only one we
consider, however, is that concerning the authority of the trial court to conduct a hearing
under Texas Rule of Civil Procedure 306a(5). And, upon considering it, we overrule the
motion.

 It should be recalled that we dismissed the appeal because the notice of appeal was
untimely. McDowell previously attempted to justify the delay by contending that neither he
nor his attorney knew of the final judgment (which was signed on February 19, 2003) until
April 4, 2003. Because neither received such notice or knowledge, the provisions of Texas
Rule of Appellate Procedure 4.2(a)(1) and of Texas Rule of Civil Procedure 306a(5)
became applicable and extended the deadline by which he had to perfect an appeal to May
4, 2003. And, because his notice was filed before that deadline, it was timely, McDowell
continued. Furthermore, because Rule 306a(5) said nothing about a date by which the trial
court had to make the findings contemplated under the rule, it allegedly did not matter that
the trial court was first asked (via motion) to make them on May 29, 2003. Nor did it
supposedly matter that a hearing on the motion was not convened until June 3, 2003. But,
it mattered to the trial court for it concluded that it had no jurisdiction to act. The trial court
was and is correct. 

 Texas Rule of Appellate Procedure 4.2 states that if one affected by a judgment
neither receives notice nor acquires actual knowledge of it within 20 days of the date it is
signed, then periods commencing when the judgment is signed begin to run from the date
the affected party receives notice or acquires actual knowledge of the judgment. Tex. R.
App. P. 4.2(a)(1). However, the application of the rule is limited in several respects. That
relevant here involves the procedure to be used to secure the extended time period, and
that procedure is found in Texas Rule of Civil Procedure 306a(5). Id. at 4.2(b). 

 According to Rule 306a(5), the party adversely affected by the delay 

 is required to prove in the trial court, on sworn motion and notice, the date 
on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was
more than twenty days after the judgment was signed.

Though the rule says nothing about when one must attempt to satisfy the requirements of
Rule 306a(5), the Supreme Court obligated the litigant to do so within that period that the
trial court retains its plenary power or jurisdiction to act. John v. Marshall Health Serv.,
Inc., 58 S.W.3d 738, 741 (Tex. 2001). Here, that period expired on May 4, 2003, or 30
days after McDowell and his counsel obtained knowledge of the judgment. It did so
because they did nothing to extend the trial court's plenary power such as by filing a motion
for new trial. 

 In other words, failing to acquire notice or knowledge of the judgment within 20 days
of its execution simply postpones commencement of the remaining period in which the trial
court retains jurisdiction over the cause. See Tex. R. Civ. P. 306a(4) (stating that the
period in which the trial court has plenary power to grant a new trial or modify its judgment
begin when notice or knowledge is acquired if not later than 90 days after the judgment is
signed). Normally, and unless extended through a timely motion for new trial or to modify
the judgment for instance, that period is 30 days from the date the judgment is signed. 
Tex. R. Civ. P. 329b(d); see id. at Rule 329b(e) (stating that if a motion for new trial is
timely filed, the trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment until 30 days after all such timely filed motions are
overruled). When notice or knowledge of the judgment is not obtained, then that 30-day
period does not begin to run until notice is received. Id. at Rule 306a(4). 

 At bar, notice or knowledge of the judgment allegedly was not received until April
4th. So, the 30-day period in which the trial court retained jurisdiction to act in the cause
once judgment was signed did not start running until April 4th. And, since McDowell did
not extend the period by filing a motion for new trial or the like, it expired 30 days later on
May 4, 2003. (2) Its jurisdiction or plenary power over the cause having expired on May 4th,
the trial court had no authority to entertain the 306a(5) motion filed by McDowell on May
29th. 

 Accordingly, the motion for rehearing is overruled.


 Per Curiam




 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Vineyard Bay Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170 (Tex. App.--Austin 1993, writ
denied), an opinion on which McDowell relies, is distinguishable. Unlike here, the appellant in Vineyard filed
a motion for new trial which motion extended the trial court's plenary jurisdiction.


 'I began exploring ways to access the cemetery and remembered an old
road that passed by Thomas Gill's house that led to the cemetery,' Lindsey
reported.


 Gill and Lowe contacted the three property owners . . . and permission was
given to build a one-lane road to the cemetery.


(Emphasis added). The evidence established that on December 10, 2001, Farr Cemetery
Road was declared to be a public road and that on December 30, 2001, appellant was
traveling on Farr Cemetery Road. The State failed to prove beyond a reasonable doubt
that on December 30, 2001, Gill had a greater right of possession to Farr Cemetery Road
than appellant. Viewing the evidence under Jackson, we conclude it is legally insufficient
to support appellant's conviction for criminal trespass. Our disposition of issue two
pretermits consideration of issues one and three.

 Accordingly, the judgment of the trial court is reversed and a judgment of acquittal
is hereby rendered.

 Don H. Reavis

 Justice

 

Do not publish.












 
1. A review of the record indicates other litigation involving disputes with landowners
and Newton County regarding whether certain roads are public roads. 
2. Notice may be by oral or written communication, fencing or other enclosure
designed to exclude intruders, posted signs, or placement of identifying purple paint marks
on trees or posts. Tex. Pen. Code Ann. § 30.05(b)(2) (Vernon 2003).
3. Although the information recites that appellant intentionally or knowingly entered
"property of another, namely, Thomas T. Gill," it did not plead ownership in Gill and thus
was only required to prove that Gill had a greater right of possession.