Dismissed and Memorandum Opinion filed September 30, 2004









Dismissed and Memorandum Opinion filed September 30,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00865-CV

____________

 

WAYNE WARD,
Appellant

 

V.

 

DENNIS
SIEGMUND, Appellee

 



 

On Appeal from the
155th  District Court

Waller County,
Texas

Trial Court Cause No.
03-02-16692

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final judgment signed
April 15, 2004 after a trial to the court. 
Appellant filed a timely motion for new trial and request for findings
of fact and conclusions of law.  When
appellant has filed a timely motion for new trial, motion to modify the
judgment, motion to reinstate, or request for findings of fact and conclusion
of law, the notice of appeal must be filed within ninety days after the date
the judgment is signed.  See Tex. R. App. P. 26.1(a).  Notice of appeal was therefore due on or
before July 14, 2004.  Appellant=s notice of appeal was not filed
until August 2, 2004.








On September 10, 2004, notification was transmitted to all
parties of the Court=s intention to dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed a response to the court=s notice on September 21, 2004.  Appellant=s response fails to demonstrate that
this court has jurisdiction to entertain the appeal.

In his response, appellant asserts that the April 15, 2004
judgment was not final because the trial court did not specifically address
appellant=s counterclaim.  On July 14, 2004, the trial court entered its
findings of fact and conclusions of law. 
Appellant contends that the court did not finally dispose of his
counterclaim until it entered its findings and conclusions.  In those findings and conclusions, the court
stated, AWard=s request for damages is denied.@ 
Thus, appellant argues that the July 14, 2004 letter from the trial
court containing its findings of fact and conclusions of law is the final
judgment, making his notice of appeal timely. 


The Texas Supreme Court has long recognized the presumption
that a judgment rendered after a conventional trial on the merits is final and
appealable.  Moritz v. Preiss, 121
S.W.3d 715, 718 (Tex. 2003); see also Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 198-99 (Tex. 2001) (citing North E. I.S.D. v. Aldridge,
400 S.W.2d 893, 897-98 (Tex. 1966) (holding judgment was presumed to dispose of
cross-action)).  The supreme court
recently affirmed the finality presumption for judgments rendered after a full
trial on the merits.  See John v.
Marshall Health Serv., Inc., 58 S.W.3d 738, 740 (Tex. 2001) (holding
finality presumption applied to all parties even though judgment did not
expressly dispose of all parties).  Thus,
issues and parties may be disposed of expressly or by necessary
implication.  See Aldridge, 400
S.W.2d at 895.  








In addition, findings of fact and conclusions of law are to
be entered in a separate document from the judgment.  Rule 299a provides that A[f]indings of fact shall be filed
with the clerk of the court as a document or documents separate and apart from
the judgment.@ 
Tex. R. Civ. P. 299a.  The findings and conclusions also explained
that the court=s damages award took appellant=s counterclaim into consideration;
thus, the judgment had impliedly ruled on the counterclaim.  Therefore, we conclude that the judgment
signed April 15, 2004 is a final judgment, and the appellate timetable is
calculated from April 15, 2004.  

Appellant=s notice of appeal was not filed timely.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d
615, 617-18 9 (1997) (construing the predecessor to Rule 26).  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 30, 2004.

Panel consists of Chief Justice
Hedges and Justices Fowler and Seymore.