**Dismissed and Memorandum Opinion filed April 11, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00944-CV

## VIOLA PERFECTO CLARK, Appellant

## V.

## CORNEL T. CLARK, Appellee

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2013-08718**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal filed by Viola Perfecto Clark from a divorce decree signed on April 25, 2014, following a conventional trial on the merits.[1] We dismiss the appeal for want of jurisdiction.

Our record does not reflect that Viola timely filed a motion for new trial; thus her notice of appeal was due May 26, 2014. *See* Tex. R. App. P. 26.1 (with

---

[1] No children were involved in this divorce proceeding.

exceptions inapplicable here, a notice of appeal must be filed within thirty day after a judgment is signed, or if certain post-judgment motions are timely filed, thirty days after the last such motion is overruled by signed order or by operation of law). Viola filed her notice of appeal on November 3, 2017, more than three years after the trial court signed the judgment. Appellee Cornel T. Clark contends this court has no jurisdiction because the notice of appeal was filed untimely. *See, e.g., Butler v. Amegy Bank, N.A.*, No. 14-15-00410-CV, 2016 WL 3574685, at *6 (Tex. App.—Houston [14th Dist.] June 30, 2016, no pet.) (mem. op.) ("A timely filed notice of appeal invokes this court's jurisdiction.").

The decree, which was signed following a trial on the merits, recites in pertinent part: "IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable."

Viola claims her appeal is timely because the decree, despite its language of finality, was interlocutory. She argues that the Office of the Attorney General ("OAG") had a pending "intervention" that went unaddressed and unresolved in the judgment, and thus the decree was not final.[2] Viola urges that, because the OAG did not nonsuit its "claim" until August 2017, her time period to appeal did not begin to run until the OAG's nonsuit.[3] We disagree that this divorce decree was interlocutory when the court signed it on April 25, 2014.

---

[2] The OAG asserted a child-support lien against Viola for unpaid child support, seeking payment from funds to which Viola was entitled that had been transferred into the court's registry from a personal injury lawsuit involving Cornel.

[3] Viola claims she timely filed a motion for new trial within thirty days of the OAG's August 2017 nonsuit, thus making her November 2017 notice of appeal timely.

Under the *Aldridge* presumption, any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal. *See Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897-98 (Tex. 1966). A judgment following a conventional trial on the merits need not actually dispose of every party and claim for the *Aldridge* presumption of finality to apply. *See id.* at 895, 897-98.

Viola does not dispute that the decree followed a trial on the merits. Instead, she asserts that, when doubts exist about a judgment's finality, we must determine the court's intention by looking at the language of the decree and the record as a whole. *See Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010). But, as shown above, the present judgment contains express language of finality; thus, there can be no doubt about the court's intention to finally dispose of the case. *See id.*; *see also Moritz v. Preiss*, 121 S.W.3d 715, 718-19 (Tex. 2003) (applying *Aldridge* presumption of finality because there was "nothing to indicate that the trial court did not intend to finally dispose of the entire case"); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001) (concluding that *Aldridge* presumption of finality was "entirely appropriate," even though judgment did not dispose of all parties); *In re M.A.B.*, No. 01-15-00388-CV, 2015 WL 6081937, at *4-5 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, pet. denied) (mem. op.) (explaining that similar express language of finality contained in decree supported presumption of finality).

We conclude the judgment in this case was final for purposes of appeal on April 25, 2014. Thus, Viola's November 3, 2017 notice of appeal is untimely. When the notice of appeal is untimely, we lack jurisdiction and must dismiss the case. *See Charlotte v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

We dismiss Viola's appeal.  *See* Tex. R. App. P. 42.3(a).


/s/ Kevin Jewell
   Justice


Panel consists of Justices Christopher, Jewell, and Hassan.