

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00118-CV

---

PDG, INC., APPELLANT

V.

ABILENE VILLAGE, LLC, APPELLEE

---

On Appeal from the 42nd District Court[1]
Taylor County, Texas
Trial Court No. 50228-A, Honorable James Eidson, Presiding

---

April 17, 2019

## ORDER OF ABATEMENT AND REMAND

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, PDG, Inc., appeals a no-answer default judgment granted in favor of appellee, Abilene Village, LLC.  We remand the cause to the trial court to enter a finding of the date PDG received notice or acquired actual knowledge of the default judgment per Texas Rule of Appellate Procedure 4.2(c).

---

[1] This appeal was transferred to this Court from the Eleventh Court of Appeals by order of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

The trial court signed a default judgment on November 30, 2018. On February 13, 2019, PDG filed a verified motion to extend the post-judgment deadlines pursuant to Texas Rule of Civil Procedure 306a.5, a motion for new trial, and a motion to set aside the default judgment. In its motion, PDG asserted that it did not receive notice or acquire actual knowledge of the judgment until January 15, 2019, the day its attorneys discovered that a default judgment was signed. By an agreed order, the trial court granted PDG's motion to extend the post-judgment deadlines, finding that (a) the notice of judgment was not sent to PDG as required by Texas Rule of Civil Procedure 239a, and (b) "Plaintiff Abilene Village, LLC agree[d] to the extension of post-judgment deadlines as requested by Defendant PDG, Inc." The trial court later denied PDG's motion for new trial and motion to set aside the default judgment. PDG filed a notice of appeal on March 25, 2019.

A notice of appeal is due within thirty days after the judgment is signed or within ninety days if a motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings is timely filed. *See* TEX. R. APP. P. 26.1(a). If a party does not receive notice or acquire actual knowledge of a judgment within twenty days of its signing, the period to file a notice of appeal will not begin to run until the date the party received notice or acquired actual knowledge of the judgment. TEX. R. APP. P. 4.2(a); TEX. R. CIV. P. 306a.4. To gain this additional time, a party must file a sworn motion in compliance with Rule of Civil Procedure 306a.5 and obtain a written order that finds the date when the party or the party's attorney first received notice or acquired actual knowledge that the judgment was signed. TEX. R. APP. P. 4.2(b), (c). A 306a.5 motion must be filed while the trial court retains plenary power, measured from the date the movant received notice

2

of the judgment as determined by the trial court.  *John v. Marshall Health Servs.*, *Inc.,* 58 S.W.3d 738, 741 (Tex. 2001) (per curiam).

The trial court granted PDG's motion to extend the post-judgment deadlines pursuant to Rule 306a.5, but did not make a finding of the date PDG first received notice or acquired actual knowledge of the default judgment.  Without this finding, we are unable to determine whether PDG filed its notice of appeal timely.  *See* TEX. R. APP. P. 26.1(a), 4.2.

Accordingly, we abate this appeal and remand the cause to the trial court to conduct a hearing to determine the date on which PDG, or its attorney, first received notice or acquired actual knowledge that the judgment was signed.  *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a.4, 306a.5; *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, No. 12-04-00084-CV, 2004 Tex. App. LEXIS 4484, at *2-3 (Tex. App.—Tyler May 12, 2004, order) (mem. op.) (remanding cause to the trial court to enter a finding in accordance with Appellate Rule 4.2(c)).  The trial court shall enter a written order of its findings and the order shall be included in a supplemental clerk's record filed with this Court by May 17, 2019.  *See* TEX. R. APP. P. 4.2(c).

It is so ordered.

Per Curiam