

# Fourth Court of Appeals
## San Antonio, Texas

September 19, 2019

No. 04-19-00564-CV

Juan **GARZA,**
Appellant

v.

Grupo Comercio **MUNDIAL,**
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2017CVF000590D1
Honorable Jose A. Lopez, Judge Presiding

# O R D E R

The timely filing of a notice of appeal is jurisdictional. *See* TEX. R. APP. P. 25.1(b). Without a post-judgment motion extending the deadline, a notice of appeal is due within thirty days of the date of judgment. *See* TEX. R. APP. P. 26.1. Appellant's notice of appeal was filed on August 22, 2019.

Texas Rule of Appellate Procedure 4.2 provides that, if a party lacks actual knowledge of the signing of a judgment or appealable order, the running of the appellate deadlines begins on the date of actual knowledge, not to exceed ninety days after the original judgment is signed. *See* TEX. R. APP. P. 4.2(a)(1). The procedure to gain this additional time is governed by Texas Rule of Civil Procedure 306a(5), which requires a party receiving actual knowledge more than twenty days after the signing of the judgment, to establish the date of actual knowledge in the trial court by motion and with notice. *See id*. 4.2(b); TEX. R. CIV. P. 306a(5). A 306a(5) motion must be filed while the trial court retains plenary power, measured from the date the movant received notice of the judgment as determined by the trial court. *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam). Following a hearing, the trial court must sign a written order finding the date when the party first received notice. *See* TEX. R. APP. P. 4.2(c). "Compliance with the time periods prescribed by these rules is a jurisdictional prerequisite." *Mem'l Hosp. of Galveston Cty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987).

The trial court signed an order granting summary judgment in appellee's favor On May 14, 2019. Appellant's motion for new trial was filed on June 21, 2019, which was not within thirty days of the signing of the order. In "Plaintiff's First Amended Verified Motion for New

Trial" appellant states he did not receive notice of the filing of the motion for summary judgment, the setting of the hearing for the motion for summary judgment, or the entry of the final judgment. Appellant also attached an affidavit stating he did not receive notice of the final judgment until June 18, 2019. According to the record, appellant provided an address to the court and parties. However, the record indicates the notices sent to that provided address were returned as undeliverable, and the docket notes "Notice Return – Unexecuted as to Juan Garza."

Nevertheless, the record does not contain a 306a(5) motion or a signed written order finding the date on which appellant first received notice. Under these circumstances, the notice of appeal was due on June 13, 2019.

We, therefore, ORDER appellants to show cause in writing on or before **October 4, 2019** why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of September, 2019.

KEITH E. HOTTLE,
Clerk of Court