

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00154-CV

## IN THE ESTATE OF BARBARA JANE DAMRON

**From the County Court at Law
Coryell County, Texas
Trial Court No. 21-10401**

## MEMORANDUM  OPINION

The trial court signed the following order on April 3, 2023:

On this day the 27th day of March, 2023, this case came to be heard.

Allen D. Place, Jr., appeared in person and on behalf of Mary Hunt and Carl Poorman and announced ready.

James Damron appeared in person and announced ready.

The Court, after reviewing the evidence and arguments finds that Barbara Damron died testate on the 3rd day of December, 2020 with her will being admitted to probate on March 10, 2021.  The Court further finds the documents, pleadings or other filings of Jason Damron do not state a justiciable cause of action.

It is therefore ORDERED, ADJUDGED AND DECREED that the documents, pleadings or other filings made by Jason Damron against Mary Hunt, Carl Poorman and Allen D. Place, Jr. in the above styled and numbered cause are hereby DISMISSED.

On May 23, 2023, fifty days after the foregoing order was signed, Appellant Jason Damron filed his *pro se* notice of appeal from the order. To be timely, a party's notice of appeal must generally be filed within thirty days after the judgment appealed from is signed. *See* TEX. R. APP. P. 26.1. Damron's notice of appeal is therefore untimely. *See id.*

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See id.* R. 25.1(a), (b); *Sweed v. Nye*, 323 S.W.3d 873, 874–75 (Tex. 2010) (per curiam). Accordingly, by letter dated June 1, 2023, the Clerk of this Court notified Damron that this appeal was subject to dismissal for want of jurisdiction because it appeared that the notice of appeal was untimely. The Clerk of the Court further notified Damron that the Court may dismiss the appeal unless, within twenty-one days of the date of the letter, he filed a response showing grounds for continuing the appeal. The Court later extended the time for Damron to file his response to July 24, 2023.

On June 22, 2023, Damron filed in this Court a "Motion requesting more time to submit appeal." Damron explained in the motion that he needed more time to submit an appeal because he never received anything in the mail or knew of the April 3, 2023 order until he received a certified copy of the order on May 22, 2023. On June 23, 2023, Damron also filed in this Court a "Motion to Reinstate Case on Docket." Finally, on July 24, 2023, Damron filed in this Court an amended notice of appeal, in which he again states that he did not receive notice of the trial court's April 3, 2023 order until May 22, 2023.

Under Texas Rule of Appellate Procedure 26.3, we may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal,

the party files the notice of appeal in the trial court and files a motion for extension of time to file the notice of appeal in this Court. TEX. R. APP. P. 26.3. Furthermore, even if the party does not file a motion for extension of time to file the notice of appeal, we will imply a motion for extension of time to file the notice of appeal if the party files the notice of appeal within fifteen days of the date the notice is due and supplies a reasonable explanation for the late filing of the notice of appeal. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Here, however, Damron did not file his notice of appeal until twenty days after the deadline for filing the notice of appeal; therefore, we cannot extend the time to file the notice of appeal under Rule 26.3. *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 617.

Under Texas Rule of Appellate Procedure 4.2, if a party did not receive the notice required by Texas Rule of Civil Procedure 306a(3) or did not acquire actual knowledge of the signing of the judgment within twenty days after the judgment was signed, then the period to file the notice of appeal would not begin to run until the date the party receives notice or acquires actual knowledge of the signing. *See* TEX. R. APP. P. 4.2(a). But to gain this additional time to file the notice of appeal, the party must comply with the sworn motion, notice, and hearing requirements mandated by Texas Rule of Civil Procedure 306a(5) and prove in the trial court, not the appellate court, that he received notice of the judgment or acquired actual notice of its signing more than twenty (but less than ninety-one) days after the judgment was signed. *See id.* R. 4.2(a), (b); TEX. R. CIV. P. 306a(5); *Corro v. Sw. Bell Media, Inc.*, 784 S.W.2d 471, 474 (Tex. App.—Corpus Christi–Edinburg 1989, no writ) (per curiam). The Rule 306a(5) motion must be filed while the

trial court retains plenary power, measured from the alleged date of notice in the motion. *See John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001) (per curiam).

Here, Damron states that he received notice of the signing of the April 3, 2023 order on May 22, 2023. Damron was therefore required to file any Rule 306a(5) motion in the trial court by June 21, 2023. *See* TEX. R. CIV. P. 329b(d); *John*, 58 S.W.3d at 741. Having failed to file a Rule 306a(5) motion, Damron cannot satisfy the requirements of Texas Rule of Appellate Procedure 4.2 and cannot benefit from the rule's extension of the appellate timetable. *See* TEX. R. APP. P. 4.2(a); TEX. R. CIV. P. 306a(5), 329b(d); *John*, 58 S.W.3d at 741.

Damron's notice of appeal is therefore untimely, and we are thus without jurisdiction to entertain a direct appeal from the trial court's April 3, 2023 order. *See* TEX. R. APP. P. 25.1(a), (b), 26.1.

In his amended notice of appeal, Damron does mention the possibility of a restricted appeal. *See generally id.* R. 26.1(c) (requiring notice of restricted appeal to be filed within six months after judgment is signed); 30. But Texas Rule of Appellate Procedure 30 provides that a restricted appeal must be filed by a "party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of." *Id.* R. 30. The April 3, 2023 order states, and Damron acknowledges, that he appeared in person at the March 27, 2023 hearing that resulted in the April 3, 2023 order. Therefore, Damron is not entitled to a restricted appeal. *See id.*

Accordingly, because our jurisdiction depends on a timely notice of appeal and because Damron's notice of appeal is untimely, we dismiss this appeal for want of jurisdiction. *See id.* R. 42.3(a); *Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—

Fort Worth 2009, pet. denied) ("A timely-filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss the appeal." (citing *Verburgt*, 959 S.W.2d at 617)). For the foregoing reasons, we also dismiss Damron's pending motion to reinstate.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
       Justice Johnson, and
       Justice Smith
       *(Chief Justice Gray concurring)
Appeal dismissed
Opinion delivered and filed August 23, 2023
[CV06]

