

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00248-CV

**LAP TAK SAMUEL LAM AND
HEATHER LAM,**

                           **Appellants**

 **v.**

**CARMEN TRAWEEK AND
CAPITAL TITLE OF TEXAS, LLC,**

                           **Appellees**

---

**From the 18th District Court
Johnson County, Texas
Trial Court No. DC-C202000744**

---

## MEMORANDUM OPINION

---

Appellants Lap Tak Samuel Lam and Heather Lam attempt to appeal from separate summary judgments rendered in favor of Appellees Carmen Traweek and Capital Title of Texas, LLC. We conclude we lack jurisdiction and dismiss the appeal.

The summary judgments were signed April 26, 2023.[1] Appellants filed their notice of appeal in the trial court on July 21, 2023. Because it appeared the notice of appeal was untimely, the Clerk of this Court notified Appellants that this cause was subject to dismissal for want of jurisdiction. The Clerk further notified them that the appeal may be dismissed unless, within fourteen days, they filed a response showing grounds for continuing the appeal. In their response, Appellants explained that they were unaware of the judgments until June 7, 2023, and twenty-eight days later, on July 5, 2023, they filed their motion for new trial in which they asserted that they had no notice of the motions for summary judgment or the hearing, and therefore could not respond. They contended that they timely filed their motion for new trial and notice of appeal pursuant to the extended deadlines for parties who receive no notice of a judgment against them. Unfortunately, Appellants misconstrued the applicable rules of procedure. Each Appellee filed a response to Appellants' jurisdictional brief in which they focus on whether Appellants, through their previous attorney, had received proper notices in the trial court. Such a discussion, appropriate in the trial court, is inapplicable at this juncture.

The trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment or order within thirty days after the judgment is signed. Tex. R.

---

[1] Our record includes only the summary judgment in favor of Traweek and an indication that a separate summary judgment was rendered in favor of Capital Title of Texas, LLC on the same day.

CIV. P. 329b(d). Accordingly, a motion for new trial shall be filed prior to or within thirty days after the judgment or order is signed. *Id*. 329b(a). A properly filed motion for new trial extends a trial court's plenary power over its judgment. *Mitschke v. Borromeo*, 645 S.W.3d 251, 254 (Tex. 2022). Appellants' motion for new trial was filed more than a month late. In it, they explained that they did not learn of the judgments until June 7, 2023, more than a month after the judgments were signed.

The rules anticipate the possibility that a party may not receive timely notice of a judgment. *See* TEX. R. CIV. P. 306a; TEX. R. APP. P. 4.2. If a party does not receive the required notice or acquire actual knowledge of the judgment until more than twenty but less than ninety-one days after the judgment is signed, Rule 306a allows the time periods to run from the date the party received notice or acquired actual knowledge of the judgment. TEX. R. CIV. P. 306a(4). But to trigger application of the Rule 306a(4) time extensions, the party adversely affected must comply with the jurisdictional requirements of Rule 306a(5). *See id*. 306a(5); TEX. R. APP. P. 4.2(b); *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam). That party is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). A sworn motion complying with Rule 306a establishes a prima facie case that the party lacked timely notice and invokes a trial court's

otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment. *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding).

The rules do not set a deadline for filing a motion under Rule 306a(5). *See John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001). (per curiam). However, the supreme court has determined that a Rule 306a(5) motion must be filed and ruled upon while the trial court retains plenary power, and the time for the court's plenary power is counted from the date of notice of the judgment as alleged in the Rule 306a(5) motion. *Id*. Therefore, Appellants were required to file a Rule 306a(5) motion within thirty days from June 7, 2023. Appellants filed only an unsworn motion for new trial complaining that they had no notice of the summary judgment hearing and asking for a new trial because they have a meritorious defense. They never filed a sworn motion attempting to comply with Rule 306a(5). Accordingly, they never became entitled to the extended deadlines promised in Rule 306a(4). *See Gillis*, 741 S.W.2d at 365.

Texas Rule of Appellate Procedure 26.1 requires the notice of appeal to be filed within thirty days after the judgment is signed or within ninety days after the judgment is signed if any party timely files a motion for new trial. Tex. R. App. P. 26.1(a). Here, the trial court's plenary power expired on May 25, 2023. Appellants' July 5, 2023 motion for new trial was untimely and did not extend the time for filing the notice of appeal.

Appellants' notice of appeal was due on or before May 25, 2023. Their July 21, 2023 notice of appeal was not timely. Neither did they file a timely motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.3. The time for filing a notice of appeal is jurisdictional in this court, and absent a timely filed notice of appeal or a timely filed motion for extension, we must dismiss the appeal. *Id*. 25.1(b), 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Appellants did not avail themselves of the Rule 306a procedure to extend the post-judgment timetables and, thus, never extended the applicable, jurisdictional time period for filing their notice of appeal. Because the notice of appeal was not timely, we dismiss this cause for want of jurisdiction.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurs.)
Dismissed
Opinion delivered and filed October 12, 2023
[CV06]

