COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| IN THE INTEREST OF | § | No. 08-24-00068-CV |
| A.F.J.M., | § | Appeal from the |
| A MINOR CHILD. | § | 440th Judicial District Court |
| | § | of Coryell County, Texas |
| | § | (TC# DC-20-51460) |

## MEMORANDUM OPINON[1]

This matter is before us on our own motion to determine if it should be dismissed for want of jurisdiction. Steven R. Murphey attempts to appeal from the trial court's final judgment signed on November 7, 2023. Because the notice of appeal was not timely filed, and no evidence supports a modification of the appellate timetable, we dismiss for want of jurisdiction.

An appellate court's jurisdiction is invoked by a timely filed notice of appeal. *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022) ("A timely notice of appeal is an essential prerequisite for the appellate court's jurisdiction."). The appellate timetable generally runs from the date a judgment or order is signed. *Id*. In a non-accelerated appeal, a notice of appeal is due

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Tenth Court of Appeals of Texas, our sister court in Waco. *See* Tex. Gov't Code Ann. § 73.001. As a transferee court, we follow the precedent of the Tenth Court of Appeals to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

within 30 days after the judgment or order date. *See* Tex. R. App. P. 26.1. But if any party timely files a qualifying, post-judgment motion, the notice of appeal is due within 90 days. Tex. R. App. P. 26.1(a).[2] In any event, such post-judgment motion must be filed within 30 days of an order's date. Tex. R. Civ. P. 329b (motion for new trial), 165a (motion to reform a judgment).

But if a party did not receive timely notice of a final order's signing, nor have actual knowledge of it, then additional time to file appellate documents is provided by a limited exception. *See* Tex. R. App. P. 4.2 (authorizing additional time for appellate documents); Tex. R. Civ. P. 306a(4) (providing the effect of complying with Rule 306a(5)'s procedures). In civil cases, if notice of the judgment has not been received, nor actual knowledge acquired, within 20 days after the judgment or order is signed, then all periods for timely perfection of an appeal begin instead on the date the party or his attorney receives notice or acquires actual knowledge of the judgment's signing, whichever occurs first, but in no event shall such periods begin more than 90 days after the original judgment or other appealable order was signed. *See* Tex. R. App. P. 4.2(a)(1); Tex. R. Civ. P. 306a(4). To this extent, the limited exception modifies the appellate timetable. *See* Tex. R. App. P. 4.2.

By its plain text, Rule 306a(5) requires proof "in the trial court, on sworn motion and notice, the date on which the party or his or her attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). Describing the impact of the conditional rule, the Texas Supreme Court noted that "[p]ost-judgment procedural timetables . . . run from the day a party receives notice of judgment, rather than the day judgment is signed, *if* the

---

[2]   The deadline for a notice of appeal may be further extended if, within 15 days after the original deadline, the appellant has filed the notice of appeal in the trial court and a motion to extend the deadline is filed in the appellate court. *See* Tex. R. App. P. 26.3.

party: (1) complies with the sworn motion, notice, and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (citing Tex. R. Civ. P. 306a) (emphasis added). Specifically, then, "Rule 306a(5) requires that the party alleging late notice of judgment file a sworn motion with the trial court establishing the date the party or its counsel first learned of the judgment." *Id.* Also providing a word of caution, the Supreme Court noted, "[t]he motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires." *Id.* (citing *John v. Marshall Health Servs.*, 58 S.W.3d 738, 741 (Tex. 2001)). In tandem with this rule, Rule 4.2 of the Texas Rules of Appellate Procedure requires that "[a]fter hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex. R. App. 4.2 (c).

We turn to address whether Murphey invoked the jurisdiction of this Court by timely filing his notice of appeal. *See* Tex. R. App. P. 26.1. His notice of appeal was filed on March 1, 2024,[3] and it challenged the trial court's final order signed on November 7, 2023. Ordinarily, based on the final order date, Murphey's notice of appeal would have been due by December 7, if no qualifying post-judgment motions were otherwise filed as of that date.[4] *See* Tex. R. App. P. 26.1., 26.3; Tex. R. Civ. P. 329b, 165a. Given it appeared the notice of appeal was not timely filed, the Clerk of the Court notified Murphey his attempted appeal remained subject to dismissal for want of jurisdiction

---

[3] Murphey claims he mailed his notice of appeal to the District Clerk of Coryell County on March 1, 2024. The record shows the notice was received and file-stamped on March 4, 2024. For this inquiry, we presume all conditions of "the mail-box rule" have been met as the difference between when the document was mailed and when it was received has no dispositive effect in this instance. Tex. R. App. P. 9.2(b); Tex. R. Civ. P. 5.

[4] Alternatively, the notice of appeal could be extended to December 22, 2023, if a 15-day extension is properly sought. *See* Tex. R. App. P. 26.3.

unless he showed grounds for continuing the appeal. [5] *See* Tex. R. App. P. 26.1(a), 42.3, 44.3. On March 18, 2024, Murphey responded by asserting he was entitled to additional time to file his appellate documents because he had not received notice of the trial court's final order until February 5, 2024. The Clerk's Record received on March 26, 2024, also showed that Murphey had filed on March 8, 2024, a sworn motion in the trial court wherein he made the same claim.[6]

We then abated the appeal and remanded to the trial court for a hearing on Murphey's March 8 motion.[7] *In re Lynd Co.*, 195 S.W.3d at 685 (requiring a party to prove, on sworn motion, the application of Rule 306a(4)); *see also* Tex. R. App. P. 4.2 (c) (providing the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired knowledge that the judgment or order was signed). After holding a hearing, the trial court impliedly denied Murphey's sworn motion, finding instead that he "received actual knowledge of the Final Order in Suit Affecting the Parent Child Relationship on December 2, 2023."

Based on the record of the case, we agree Murphey's sworn motion was properly denied. Although he filed a sworn motion averring he first received notice of the judgment on February 5—or, a date more than 20 days after the signing of the November 7 order—he failed to *prove* that claim in the trial court. *See* Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685 (providing a party must "(1) compl[y] with the sworn motion, notice, and hearing

---

[5] The notice letter was originally sent by the Tenth Court of Appeals before this case was transferred to this Court.

[6] On its face, the motion certifies it was signed on March 6, 2024 and file stamped on March 8, 2024. The discrepancy between these dates is not dispositive of our analysis.

[7] We originally abated the appeal on April 12, 2024, allowing Murphey an opportunity to request a hearing on his March 8 motion. Murphey objected to seeking a hearing, arguing this Court should find his appeal was timely using either December 2 or February 5 as dates on which he acquired actual knowledge of the signing of the judgment. On July 30, 2024, we extended the abatement and ordered the trial court to hold a hearing to determine whether Murphey proved his alleged date of late notice, on sworn motion, and provide a written order finding the date of notice or actual knowledge. *See* Tex. R. App. P. 4.2 (c).

requirements mandated by Rule 306a(5), and (2) prove[] it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed."). Murphey's sworn motion claimed he received notice on February 5, but he failed to carry his evidentiary burden in support of his claim, as the trial judge noted it conflicted with his litigation conduct. As the trial court pointed out, Murphey himself filed a pro se motion to vacate the November 7 order on December 20, 2023, or weeks before February 5, wherein he claimed he had not received notice of the judgment, or acquired actual knowledge of it, until December 2, 2023 at 09:17 a.m. Murphey thus failed to prove, on sworn motion, the application of Rule 306a. *See* Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685.

Although the trial court entered a finding that Murphey gained actual knowledge of the signed judgment on December 2, that finding also fails to meet Rule 306a's requirements.[8] *See* Tex. R. Civ. P. 306a(5); *see also Winton Mortgage Co., L.L.C. v. Livingston*, No. 08-23-00184-CV, 2024 WL 3917019, at *5 (Tex. App.—El Paso Aug. 23, 2024, no pet.) ("We review a trial court's findings under Rule 306a under the traditional legal and factual sufficiency standards of review."). The December 20 motion on which the trial court relied was not sworn, and Murphey provided no substantive evidence in support of that date. At the hearing, he asserted by unsworn testimony that he had first learned of the final order on February 5, or weeks after December 2.

Because Murphey failed to demonstrate—on sworn motion—that he received late notice of the signed judgment, he failed to meet the requirements for obtaining additional time to file appellate documents. *See* Tex. R. App. P. 4.2(b). For that reason, the limited exception allowing a

---

[8] When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). When a party attacks the legal sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

party to modify the ordinary appellate timetable does not apply in this instance. *See* Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5); *In re Lynd Co.*, 195 S.W.3d at 685 (providing a party must "(1) compl[y] with the sworn motion, notice, and hearing requirements mandated by Rule 306a(5), and (2) prove[] it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed). Because Murphey's notice of appeal was not timely filed within 30 days of the November 7 order, we lack jurisdiction over this attempted appeal. *See* Tex. R. App. P. 26.1, 42.3, 44.3; *Mem'l Hosp. of Galveston Cnty. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (per curiam) (providing that compliance with the time periods prescribed by Rule 306a is a jurisdictional prerequisite).

After reinstating the case, we dismiss this attempted appeal for want of jurisdiction. All pending motions are denied as moot.

GINA M. PALAFOX, Justice

December 10, 2024

Before Alley, C.J., Palafox, and Soto, JJ.

6