**Opinion issued February 3, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00808-CV

———————————————

**TAVARIUS WILLIAMS, Appellant**

**V.**

**WALDEN ON LAKE HOUSTON COMMUNITY SERVICES
ASSOCIATION, INC., Appellee**

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2024-47562**

---

## MEMORANDUM OPINION

On October 1, 2025, appellant Tavarius Williams filed a notice of appeal seeking to appeal a default judgment signed on July 30, 2025. On October 6, 2025, appellee filed a letter with our Court asserting that this appeal must be dismissed for lack of jurisdiction because appellant's notice of appeal was untimely. *See* TEX. R.

APP. P. 26.1(a) (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if party timely files motion for new trial). After the Clerk of this Court notified appellant that the appeal was subject to dismissal for lack of jurisdiction, appellant failed to demonstrate grounds for continuing the appeal. Concluding that the notice of appeal is untimely, we dismiss the appeal for lack of jurisdiction.

**Notice of Appeal Deadline**

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its default judgment on July 30, 2025. Because the record does not include any post-judgment motions extending the notice of appeal deadline, appellant's notice of appeal was due within thirty days of the judgment—

*i.e.*, by August 29, 2025. *See* TEX. R. APP. P. 26.1(a). Appellant's October 1, 2025 notice of appeal was filed thirty-three days after the deadline.

**Extension of Appellate Deadlines Based on Lack of Notice**

Appellant's notice of appeal asserts that "the default judgment was not sent to [him] until September 3, 2025, preventing [him] from being notified of default judgment within 30 days to appeal." Although Texas Rule of Civil Procedure 306a(4) and Texas Rule of Appellate Procedure 4.2(a)(1) allow an extension of appellate deadlines when an appellant does not receive timely notice of the judgment, the rules require that the appellant file a motion in the trial court. *See* TEX. R. CIV. P. 306a(5) ("In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed"); TEX. R. APP. P. 4.2(b) (procedure for gaining additional time to file documents due to lack of timely notice of judgment is governed by Texas Rule of Civil Procedure 306a(5)). Without such a motion, the extension provided by these rules does not apply. *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (concluding that appellant failed to establish application of Rule 306a because record did not contain sworn motion under Rule 306a(5));

*Yocham v. Farmers Tex. Cty. Mut. Co.*, No. 03-14-00572-CV, 2015 WL 658144, at *2 (Tex. App.—Austin Feb. 12, 2015, no pet.) (mem. op.). (dismissing appeal for want of jurisdiction because appellant first asserted Rule 306a in court of appeals and "[appellant] does not contend, nor does the record suggest, that a sworn motion under Rule 306a was ever filed in the trial court").

On October 28, 2025, the Clerk of this Court notified appellant that, because the notice of appeal appeared to be untimely and no extension of appellate deadlines applied, the appeal was subject to dismissal for lack of jurisdiction unless appellant filed a written responds demonstrating the Court's jurisdiction over the appeal. On November 10, 2025, appellant filed a response asserting that he recently filed a Rule 306a motion with the trial court in response to our notice of intent to dismiss. The response attaches a motion filed with the trial court on November 7, 2025, requesting that the court issue an order "establishing that the date of notice or actual knowledge of the July 30, 2025, judgment was no earlier than September 10, 2025." As discussed below, appellant's response fails to demonstrate a basis for jurisdiction because, among other things, the trial court has lost plenary power to consider such a motion.

A motion under Rule 306a(5) may be filed "at any time within the trial court's plenary jurisdiction measured from the date determined under Rule 306a(4)." *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 741 (Tex. 2001). For purposes of a

Rule 306a(5) motion, plenary power is measured from the date the movant asserts he first learned of the trial court's judgment. *See In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *Goodwill v. Tex. A&M Univ. Med. Ctr.*, No. 03-04-00255-CV, 2004 WL 1469353, at *1 (Tex. App.—Austin July 1, 2004, no pet.) (mem. op.).

Here, appellant asserts in his notice of appeal that he was not sent notice of the judgment until September 3, 2025, and his November 7, 2025 motion requests that the trial court "[f]ind and order that Appellant first received notice or actual knowledge of the judgment on or about September 10, 2025 . . . ." Applying the September 10, 2025 date in appellant's motion as the date appellant asserts that he first learned of the trial court's judgment, because no post-judgment motions were filed extending plenary power, the trial court's plenary power expired thirty days after the alleged notice date – on October 10, 2025. *See* TEX. R. CIV. P. 329b(d)-(e); *John*, 58 S.W.3d at 741; *In re Lynd Co.*, 195 S.W.3d at 685. Thus, the trial court no longer has plenary power to consider appellant's November 7, 2025 Rule 306a(5) motion alleging notice was not received until September 10, 2025. Accordingly, appellate deadlines in this case cannot be extended for lack of notice.

## Conclusion

Appellant's October 1, 2025 notice of appeal was untimely filed thirty-three days after the notice of appeal deadline. *See* TEX. R. APP. P. 26.1(a). Absent a timely

filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.